Submitted on brief April 12, affirmed May 23, 1916.

## STATE EX REL. *v.* NYSSA-ARCADIA DRAINAGE DIST.

(157 Pac. 804.)

**Drains—Statutes—Repeal—Implied Repeal.**

1. Laws of 1915, page 540, relating to the organization of drainage districts, purports to cover the entire subject of drainage districts, and in many respects is identical with Title XLI, Chapter 4, L. O. L., as amended by Laws of 1911, page 424. Therefore the earlier statute is repealed by implication.

[As to drainage districts, see note in **Ann. Cas. 1915C, 9.**]

**Drains—Drainage Districts—Organization.**

2. The organization of a drainage district cannot be questioned, because the order of hearing, which named the day, did not fix any hour, for it will be presumed that the hearing would be held during business hours, and those interested would present themselves at the opening of the court.

*Drains—Statute—Validity.*

3. Laws of 1915, page 540, providing for the organization of drainage districts and the imposition of taxes, is not invalid, under Article I, Section 32, of the Constitution, declaring that no tax or duty shall be imposed without the consent of the people or their representatives in the legislative assembly, for the taxes to be imposed upon the drainage districts are provided for by the legislature, and property owners are given power to form such districts.

**Eminent Domain—Statute—Validity.**

4. Laws of 1915, page 540, relating to drainage districts, and conferring upon them powers of eminent domain, is not invalid, as permitting the taking of private property for public use, contrary to Article I, Section 18, of the Constitution, without compensation, the act providing for compensation for property taken.

**Statutes—Title of Act—Sufficiency.**

5. Laws of 1915, page 540, entitled "An act to provide for the organization of drainage districts, for the construction, operation and

maintenance of drainage systems, for the payment of the cost of such systems and expenses," etc., has a title sufficiently broad to warrant the issuance of bonds.

**Drains—Organization—Publication.**

6. Where notice of the proposed organization of a drainage district was published in strict compliance with the law, the fact that proof of publication was not filed until six months thereafter will not invalidate the district, for the provisions of the law relating to proof of publication may be treated as directory.

**Drains—Supervisors—Election.**

7. The legislature may provide for the election of all officers not authorized by the Constitution; therefore, Laws of 1915, page 540, relating to drainage districts, is not invalid, in so far as it provides that, where a supervisor resigns, his successor shall be elected by the remaining supervisors.

From Malheur: DALTON BIGGS, Judge.

In Banc. Statement by MR. JUSTICE BENSON.

This is an action by the State of Oregon on relation of W. H. Brooke, district attorney, and Elbert Butler, Jr., against the Nyssa-Arcadia Drainage District, a pretended *quasi*-municipal corporation, and D. Tessen, Roy Williams and J. C. Fleming, pretended supervisors, and Frank D. Hall, pretended secretary-treasurer, in the nature of *quo warranto* for the purpose of attacking the legality of the organization of the defendant drainage district. The complaint sets out in detail all the steps taken in the incorporation of the district, followed by a specification of the particulars in which it is alleged that defendant failed to comply with the requirements of the law, and praying for a judgment to the effect that it is not a corporation and not entitled to exercise the functions or enjoy the privileges of one. A demurrer to the complaint was sustained, and judgment entered in favor of defendants for their costs and disbursements. Plaintiffs appeal.

Submitted on brief under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

AFFIRMED.

For appellants there was a brief over the name of *Mr. William H. Brooke.*

For respondents there was a brief submitted by *Mr. C. E. Dodge.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. There are quite a number of alleged irregularities of which complaint is made, and we shall try to discuss these in their logical sequence. The first is the fact that the incorporators ignored the provisions of Chapter 4 of Title XLI, L. O. L., as amended by Chapter 241 of the Laws of 1911, and proceeded exclusively under the provisions of Chapter 340 of the Laws of 1915. These two acts cover the same subject, and in many respects are practically identical to such an extent that we may safely say that no important detail of the earlier statute is not covered in some manner by the later law. It follows that the law of 1915 was designed to be a substitute for the former act, which is repealed by implication: *Little* v. *Cogswell,* 20 Or. 345 (25 Pac. 727); *Continental Ins. Co.* v. *Riggen,* 31 Or. 336 (48 Pac. 476).

2. It is next contended that, in the order setting August 2, 1915, for the date of hearing, no hour was named, but there is no merit in this point, for it will be presumed that the hearing is to be had during business hours, and that those interested will present themselves therefor at the opening of the court for that day.

3. Plaintiff maintains that the act of 1915 violates the provisions of Section 32, Article I, of the Constitution of Oregon, in that the people of the district are thereby taxed without their consent. We are unable to find anything in the statute which conflicts in any

manner with the constitutional declaration referred to, since the methods of taxation and the authority to impose the same are derived from the people themselves through their representatives in the legislative assembly.

4. It is also maintained that the act violates Section 18, Article I of the Constitution, relating to taking of private property for public use without just compensation. We find nothing in the legislation referred to to justify this contention. It is true the law provides for the exercise of the right of eminent domain, but the owners of the property which may be so taken are fully protected.

5. The validity of the act is then challenged upon the ground that the title thereof does not refer to the issuance of bonds. The title reads as follows:

"To provide for the organization of drainage district[s], for the construction, operation and maintenance of drainage systems, for the payment of the cost of such systems and expenses incidental thereto."

It will be seen that the title provides for the payment of the cost of the system, and the manner of providing for such payment is a detail.

6. It is next contended that the proceedings are vitiated by the fact that the proof of publication of the notice of the hearing before the County Court was not filed until more than six months after the date of publication. It is conceded, however, that the notice was actually published in strict compliance with the law, and it has been held by this court that the requirement in regard to filing the affidavit is directory, and does not affect the jurisdiction: *McFarlane* v. *Cornelius*, 43 Or. 513 (73 Pac. 325, 74 Pac. 468).

7. We then come to the contention that the findings of the court are insufficient, and as to this feature of

the complaint it is enough to say that they are sufficient to comply with the requirements of the statute. It is further complained that, upon the resignation of one of the duly elected supervisors, the remaining members of the board elected his successor in compliance with the requirements of the statute. As the office is not one created by the Constitution, the legislature has unquestioned power to prescribe the mode of election.

There are some other minor details in which it is contended that the proceedings were irregular, but they are unimportant, and do not in any way affect the validity of the organization. We conclude, therefore, that the demurrer was properly sustained, and the judgment is affirmed.    AFFIRMED.

MR. JUSTICE EAKIN absent.