Submitted on brief December 18, 1916; writ disallowed January 30, 1917.

## STATE EX REL. *v.* MEHAFFEY.*

### (162 Pac. 1068.)

**Drains—Drainage District Bonds—Statutes Repealed.**

1. Laws of 1915, Chapter 340, not effective when a drainage district adopted its by-law, but effective before its directors ordered an election to determine whether they could issue bonds, and relating to the organization of drainage districts and covering the field formerly covered by Sections 6126–6145, L. O. L., inclusive, as amended by Laws of 1911, Chapters 241, 250, and itself providing for the issuance of bonds and for what had been previously left to be done by the district through by-laws, though not dissolving drainage districts then in existence, was a substitute for and by implication repealed prior legislation, so that the district's bonds were required to be issued thereunder.

**Drains—Drainage District—Legislation—Constitutional Provisions.**

2. Article XI, Section 2, of the Constitution, relating to the enactment of municipal charters, and Article IV, Section 1a, providing for the initiative and referendum on local, special and municipal laws, did not render drainage districts immune from statutes passed by the legislative assembly, so that the Assembly was empowered to enact Laws of 1915, Chapter 340, relating to the organization of drainage districts and purporting to cover the matters formerly covered by Sections 6126–6145, L. O. L., inclusive, as amended by Laws of 1911, Chapters 241, 250.

[As to effect of partial invalidity of statute relating to drains and sewers in municipalities, see note in **Ann. Cas. 1916D, 76.**]

Original proceeding in Supreme Court.

In Banc.    Statement by MR. JUSTICE HARRIS.

This is an original proceeding by the State of Oregon, on the relation of M. Motschenbacher and C. R. De Lap, directors of the Klamath Drainage District in which an alternative writ of *mandamus* was issued out of this court directing A. A. Mehaffey to sign or to show cause for not signing certain bonds as secretary of the Klamath Drainage District. The defend-

---

*On procedure for establishment of drains and sewers, see comprehensive note in 60 L. R. A. 161.          REPORTER.

ant answered by claiming that the bonds were not
legally authorized. The Klamath Drainage District
was organized on March 6, 1915, pursuant to Sections
6126 to 6145, L. O. L., inclusive, as amended by Chap-
ters 241 and 250, Laws of 1911. The residents of the
district held meetings on May 1 and 3, 1915, and adopted
by-laws for the election of directors, for the acquire-
ment of real and personal property, for the assess-
ment and collection of liens and for the issuance and
sale of bonds. These by-laws were approved by the
County Court on May 8, 1915. The board of direc-
tors adopted a resolution on January 15, 1916, order-
ing that an election be held for the purpose of author-
izing the issuance of bonds to the amount of $100,000.
The election was held on February 19, 1916, and the
issuance of the bonds was authorized. On March 7,
1916, the directors passed a resolution declaring their
intention to exercise the conferred authority by issu-
ing bonds and on October 3, following, the "Board
of Directors of said Klamath Drainage District by
resolution, as provided by the by-laws of said district,
declared the intention of the said board to sell ten
thousand dollars worth of said bonds and ordered
the defendant as secretary of the said Klamath Drain-
age District to prepare notice of such sale and pub-
lish same, asking for proposals on said bonds."

The bonds which the directors are permitted to
issue mature at different dates varying from "21
years from the date of issue" to "30 years from the
date of issue." The secretary places his refusal to
sign the bonds on the ground that Chapter 340, Laws
of 1915, repealed all prior legislation and that the
bonds were illegal because not issued in compliance
with the act of 1915.    JUDGMENT FOR DEFENDANT.

For plaintiff there was a brief submitted over the names of *Mr. George M. Brown,* Attorney General, and *Mr. Charles J. Ferguson.*

For defendant there was a brief over the name of *Mr. H. C. Merryman.*

MR. JUSTICE HARRIS delivered the opinion of the court.

1. Chapter 340, Laws 1915, although passed by the legislative assembly and filed in the office of the Secretary of State, had not become effective when the drainage district adopted its by-laws; but the statute did become effective prior to January 15, 1916, the date on which the directors ordered that an election be held to determine whether the directors could issue bonds. No bonds were issued or even authorized before Chapter 340 became operative. In *State* v. *Nyssa-Arcadia Drainage District,* 80 Or. 524 (157 Pac. 804), we held that Chapter 340 was a substitute for and therefore by implication repealed prior legislation. A re-examination of the question confirms the conclusion announced in *State* v. *Nyssa-Arcadia Drainage District.* Chapter 340 has covered the field occupied by prior enactments. The legislative assembly has itself done by positive law all that it had previously left to be done by the district through mere by-laws. By the terms of Chapter 340, Laws 1915, the legislative assembly has itself provided for the issuance of bonds and the Klamath Drainage District must now be guided by the act of 1915. The new statute did not dissolve drainage districts then existing and consequently the corporate life of drainage districts was neither ended nor suspended nor interrupted.

2. The legislative assembly had the power to enact Chapter 340, Laws 1915. Section 2, Article XI, and section 1a of Article IV of the state Constitution do not render drainage districts immune from statutes passed by the legislative assembly. The Klamath Drainage District is governed by the latest statute and consequently bonds must be issued in compliance with Chapter 340, Laws 1915. *State ex rel.* v. *Port of Astoria,* 79 Or. 1 (154 Pac. 399); *Rose* v. *Port of Portland, ante,* p. 541 (162 Pac. 498).

The defendant is entitled to a judgment.

JUDGMENT FOR DEFENDANT.