THAANUM, APPELLANT, *v.* BYNUM IRRIGATION DISTRICT ET AL., RESPONDENTS.

(No. 5,632.)

(Submitted January 6, 1925. Decided January 12, 1925.)

[232 Pac. 528.]

*Injunction—Irrigation Districts—Powers—Acquisition of Interest in Reservoirs—Constitutional Law—"Subdivision" of State—Constitutional and Statutory Construction—Words and Phrases—Ejusdem Generis Rule.*

Irrigation Districts—Power to Acquire Interest in Reservoir Company—Constitution.
    1. *Held,* that an irrigation district is not a "subdivision" of the state within the meaning of section 1, Article XIII of the Constitution, providing that neither county, city, town, municipality "nor other subdivision of the state' shall become a shareholder in or a joint owner with a company or corporation, and therefore its board of commissioners may acquire shares in a reservoir company or purchase rights to the use of water, as authorized by Chapter 157, Laws of 1923.

---

    1.  Irrigation district as municipality, see note in 17 **A. L. R.** 81.

Statutory Construction—Words and Phrases—Meaning—How Determined.

2. A word or phrase may have different meanings as it is employed in different connections, and the particular meaning to be attached to it in a given statute or constitutional provision is to be controlled by the connection in which it is employed, the evident purpose of the Act, and the subject to which it relates.

Same—Rules Applicable to Constitutional Provisions — *Ejusdem Generis* Rule.

3. Constitutional provisions are subject to the same rules of interpretation and construction as are statutes, and therefore, under the *ejusdem generis* rule, general words which follow particular and specific words in a section of the Constitution are limited in meaning to things of the same kind as those particularly enumerated.

Constitution—Purpose of Provision Prohibiting Municipalities from Acquiring Interest in Private Enterprises.

4. The purpose of the constitutional provision (sec. 1, Art. XIII) prohibiting the state, counties, cities, *etc.*, from loaning their credit to individuals or corporations or becoming shareholders in or joint owners with companies or corporations is to prevent the use of public funds raised by general taxation in aid of enterprises apparently devoted to *quasi*-public purposes, but actually engaged in private business.

Irrigation Districts — Acquisition of Property — Indebtedness — Taxes Levied not General Taxes—Constitution.

5. The taxes which an irrigation district is authorized to levy upon the lands included in the district for the purpose of paying for property acquired are in the nature of special assessments as distinguished from general taxes, and by the expenditure of moneys authorized by amended section 7174, Revised Codes (Laws of 1923, Chap. 157) it obtains an equivalent in the value of the property purchased, hence does not come within the prohibition of section 1, Article XIII, of the Constitution, above.

*Appeal from District Court, Teton County, in the Nineteenth Judicial District; H. H. Ewing, a Judge of the Eighth District, presiding.*

ACTION by William A. Thaanum against the Bynum Irrigation District, and others as commissioners thereof. From a judgment of dismissal, plaintiff appeals. Affirmed.

*Mr. T. B. Weir,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Cooper, Stephenson & Hoover* and *Mr. Sterling M. Wood,* for Respondents, submitted a brief; *Mr. W. H. Hoover* and *Mr. Wood* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In 1906 the Teton Co-operative Reservoir Company, a corporation, was organized under the laws of this state, and ever since has maintained its corporate existence. Its capital is represented by 1,000 shares of stock, and under its by-laws the owners of a share of this stock is entitled "to the use during the irrigating season of each year, of a one-thousandth part of the waters, water rights and irrigating facilities and systems of this company, including the right to lease, pledge, sell and dispose of such use." The company constructed a reservoir in which it impounds a large quantity of water from the Teton River, and installed a distributing system through which the waters are conveyed to the individual users. In 1920 the Bynum Irrigation District was organized for the purpose of irrigating approximately 25,000 acres of land in Teton county, and the individual defendants herein constitute the board of commissioners of the district. Through negotiations the district acquired an option to purchase 800 shares of the capital stock of the reservoir company or, as an alternative, the right to purchase from the stockholders owning 800 shares their respective rights to the use of the waters. Thereupon W. A. Thaanum, an owner of land included in the district, instituted this suit to obtain an injunction restraining the district and its board of commissioners from expending any money belonging to the district for the option or for the property sought to be acquired. To the complaint, which sets forth fully the history of the transaction, a general demurrer was interposed, which was sustained by the district court, and the plaintiff, declining to plead further, suffered a judgment of dismissal to be rendered and entered against him and appealed.

Section 7174, Revised Codes of 1921, as amended by Chapter [1] 157, Laws of 1923, defines the powers of the board of commissioners of an irrigation district, and subdivision 3 of that section reads as follows:

"The board shall have power and authority to appropriate water in the name of the district, to acquire by purchase, lease, or contract, water and water rights; additional waters and supplies of water, canals, reservoirs, dams and other works already constructed, or in the course of construction, with the privilege, if desired, to contract with the owner, or owners of such canals, reservoirs, dams and other works so purchased and in the course of construction, for the completion thereof and shall also have power and authority to acquire by purchase, lease, contract, condemnation, or other legal means, lands (and rights in lands) for rights of way, for reservoirs, for the storage of needful waters, and for dam sites, and necessary appurtenances, and such other lands and property as may be necessary for the construction, use, maintenance, repair, improvement, enlargement and operation of any district system of irrigation works."

It is conceded by appellant that, if the legislature had authority to confer such broad powers upon an irrigation district, there is not any merit in this appeal, But it is contended that the statute quoted conflicts with, or is limited in its operation by, the provisions of section 1, Article XIII, of our state Constitution, and in either event the defendants may not lawfully acquire the particular property in question. That section of the Constitution reads as follows: "Neither the state, nor any county, city, town, municipality, nor other subdivision of the state shall ever give or loan its credit in aid of, or make any donation or grant, by subsidy or otherwise, to any individual, association or corporation, or become a subscriber to, or a shareholder in, any company or corporation, or a joint owner with any person, company or corporation, except as to such ownership as may accrue to the state by operation or provision of law."

It must be conceded that, if the first alternative option be accepted, the irrigation district will become a shareholder in a corporation, if the second alternative be chosen, it will, in a sense at least, become a joint owner with the holders of the

remaining 200 shares of stock in the reservoir company, so that the question arises at once: Is an irrigation district, organized under the laws of this state, included within the meaning of the terms employed in section 1 above?

Such a district is not the state; neither is it a county, city or town.   It is not a municipality, for the term "municipality" refers to a municipal corporation (Black's Law Dictionary) and in this state only incorporated cities and towns are municipal corporations (*Hersey* v. *Neilson*, 47 Mont. 132, Ann. Cas. 1914C, 963, 131 Pac. 30).   It remains to be determined whether an irrigation district is comprehended by the term "other subdivision of the state."

A word or phrase may have different meanings as it is [2]   employed in different connections (*Barnes* v. *Montana Lumber & Hardware Co.,* 67 Mont. 481, 216 Pac. 335), and the particular meaning to be attached to it in a given statute or constitutional provision is to be measured and controlled by the connection in which it is employed, the evident purpose of the Act, and the subject to which it relates.   (*Northern Pac. Ry. Co.* v. *Sanders County,* 66 Mont. 608, 214 Pac. 596.)

The word "subdivision," when standing alone, has a very broad signification, and the expression "*a* subdivision of the state" might well be said to refer to any portion of the state less than the whole; but the question before us is not what the word "subdivision" means generally, but what it means as used in section 1, Article XIII, of our Constitution. In other words, although an irrigation district is a subdivision of the state in the sense that it comprises some portion of the territory of the state, and is a subdivision of the state within the meaning of that term as used in section 4893, Revised Codes (*Crow Creek Irr. Dist.* v. *Crittenden,* 71 Mont. 66, 227 Pac. 63), the immediate question before us is whether it is comprehended within the expression "other subdivision of the state" as that expression is employed in section 1, Article XIII, above, and ρ- thorized to become a stockholder

72 Mont.—15

in a private corporation for the purpose of procuring an only available water supply, or expressly prohibited from doing so, and the answer to the inquiry is to be found by ascertaining the meaning of the expression "other subdivision of the state."

Constitutional provisions are subject to the same rules of [3] interpretation and construction as are statutes (*Martien* v. *Porter,* 68 Mont. 450, 219 Pac. 817), and it is a recognized canon of statutory construction that, where general words follow particular and specific words, the former are limited in meaning to things of the same kind as those particularly enumerated. This is known as the *ejusdem generis* rule, a rule which has been recognized and applied by this court in numerous cases, among them: *Helena Light & Ry. Co.* v. *City of Helena,* 47 Mont. 18, 130 Pac. 446; *Page* v. *New York Realty Co.,* 59 Mont. 305, 196 Pac. 871.

In 36 Cyc. 1119, it is said: "By the rule of construction known as '*ejusdem generis,*' where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated. The particular words are presumed to describe certain species and the general words to be used for the purpose of including other species of the same genus. The rule is based on the obvious reason that, if the Legislature had intended the general words to be used in their unrestricted sense, they would have made no mention of the particular classes. The words 'other' or 'any other' following an enumeration of particular classes are therefore to be read as 'other such like,' and to include only others of like kind or character."

In 12 Corpus Juris, 707, it is said: "The doctrine of *ejusdem generis,* by which general words in a statute following particular words are presumed to relate only to things of the same kind or class as the particular words, is applicable to the construction of constitutional provisions."

There is not anything in the language of section 1, Article XIII, above, to remove it from the operation of this general rule, and, measured by that rule, the phrase "other subdivision of the state," means other subdivision of the state of the same general character as a county, city, town or municipality, and excludes an irrigation district which is lacking in practically every essential element which gives character to any of the enumerated public corporations.

We might rest our conclusions solely upon this construction [4] of the language of section 1, Article XIII, but our position is fortified when the history surrounding that constitutional limitation is considered. A like provision is found in the Constitution of nearly every state in the Union, and the reason for its presence is not difficult to discover. It represents the reaction of public opinion to the orgies of extravagant dissipation of public funds by counties, townships, cities and towns in aid of the construction of railways, canals and other like undertakings during the half century preceding 1880, and it was designed primarily to prevent the use of public funds raised by general taxation in aid of enterprises apparently de- [5] voted to *quasi*-public purposes, but actually engaged in private business. Although an irrigation district is authorized to levy taxes upon the lands included in the district for the purpose of raising funds to discharge any indebtedness incurred in purchasing or constructing an irrigation system and in maintaining such system, the taxes so imposed are in the nature of special assessments, as distinguished from general taxes (*In re Valley Center Drain. Dist.*, 64 Mont. 545, 211 Pac. 218), and, by the expenditure of money under the authority of section 7174 as amended, the district obtains an equivalent in the value of the property purchased.

Because the state, a county, city, town or municipality has, and an irrigation district has not, the authority to impose general taxes, the reason for the restriction upon the first class of public corporations fails, when considered with reference to an irrigation district, and leads to the conclusion

that an irrigation district was not in the contemplation of the framers of our Constitution in drafting section 1, Article XIII, above, or in the contemplation of the people in adopting it.

It follows that section 7174 as amended does not impinge upon the provision of section 1, Article XIII, nor does the Act of which it is a part contravene the provisions of section 11, Article XII, of the Constitution. (*Billings Sugar Co.* v. *Fish*, 40 Mont. 256, 135 Am. St. Rep. 642, 26 L. R. A. (n. s.) 973, 106 Pac. 565.)

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK and MATTHEWS concur.

MR. JUSTICE GALEN, being absent on account of illness, takes no part in the foregoing decision.