MITCHELL ET AL., RESPONDENTS, *v.* BANKING CORPORATION OF MONTANA ET AL., DEFENDANTS; TUTTLE ET AL., APPELLANTS.

(No. 7,088.)

(Submitted March 14, 1933. Decided April 21, 1933.)

[22 Pac. (2d) 155.]

*Mr. Howard A. Johnson,* for Appellants, submitted a brief and argued the cause orally.

*Mr. C. E. Pew,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This appeal is by Arthur Tuttle and Lulu T. Wallin, as executor and executrix of the estate of S. F. Tuttle, from the judgment entered by the court on the stockholders' liability in defendant insolvent bank. The judgment is the same as entered in the companion case No. 7015, ante, p. 165, 22 Pac. (2d) 175; but this appeal presents questions affecting these appellants only.

S. F. Tuttle was originally named as a defendant. He appeared by filing a demurrer. He died on October 23, 1927, and these appellants were subsequently appointed executor and executrix, respectively, of his estate. After the death of

Tuttle the attorneys who had represented him during his lifetime filed an answer in his name. Thereafter, on November 15, 1930, these attorneys filed in the office of the clerk of the district court their withdrawal, stating as the reason therefor that S. F. Tuttle "is now deceased." The executor and executrix published notice to creditors requiring the presentation of claims on or before October 3, 1928. None was ever presented for the stockholders' liability.

On April 28, 1930, the district court of Jefferson county wherein the estate of Tuttle was probated, entered a decree distributing the estate of S. F. Tuttle to Arthur Tuttle and Lulu T. Wallin, as trustees for Derinda J. Tuttle, the widow of the deceased, for life, and the remainder upon her death to eight children. At that time the executor and executrix had $5,104.75 in cash, and other personal and real property of the aggregate value of $2,000.

On September 9, 1930, plaintiffs filed a motion for the substitution of appellants as administrators in this action. The motion was not served upon them, nor were they given notice of it. It was never brought on for hearing. The trial of this action was commenced on November 17, 1930, and was continued, with interruptions, until September 10, 1931, when the cause was finally submitted. These appellants were not represented by counsel in the trial and did not participate therein.

On October 22, 1931, plaintiffs filed another motion to substitute appellants as executor and executrix, respectively, and as trustees of the distributees of the estate of S. F. Tuttle. This motion was supported by an affidavit showing that appellants had not been discharged as executor and executrix, and that they held the title to the property as trustees. This motion was noticed for hearing on November 7, 1931, and notice served upon appellants on November 2. Upon the hearing on the motion plaintiffs introduced in evidence all of the proceedings in the probate court, and showed that no claim had been presented to the executor and executrix by these plaintiffs or by anyone else for them.

On March 9, 1932, the court made an order substituting the appellants as defendants, as executor and executrix, but denying the substitution as trustees. Appellants duly excepted to the order. Thereafter, and on March 21, 1932, judgment was rendered in favor of plaintiffs and against these appellants and others. The court awarded interest on the total amount of the unpaid liability from the commencement of the action.

The appeal presents the same questions involved in and ██ decided in cause No. 7015, *Mitchell* v. *Banking Corporation*, ante, p. 165, 22 Pac. (2d) 175, and the additional question whether the judgment against appellants can stand, since they were not substituted as parties defendant until after the trial of the cause.

Appellants' contention that the judgment cannot stand as to them must be sustained. When counsel who had represented S. F. Tuttle during his lifetime filed their withdrawal, it left the decedent without counsel. (Sec. 8974, Rev. Codes 1921.) This condition remained until after the case was submitted to the court. The executor and executrix were not made parties to the action until after the cause was submitted to the court. They were not given an opportunity to present evidence in their own behalf or to cross-examine plaintiffs' witnesses. They were denied the right to be heard before judgment was rendered against them. Due process of law guaranteed under section 1 of the Fourteenth Amendment to the Constitution of the United States, and section 27 of Article III of the Montana Constitution, requires a hearing or an opportunity to be heard before being concluded by a judgment. (*Chauvin* v. *Valiton*, 8 Mont. 451, 20 Pac. 658, 3 L. R. A. 194; 33 C. J. 1106.)

Nor does the fact that other defendants unsuccessfully de-██ fended the same action, on the same grounds now relied upon by these appellants, affect the right of the appellants to be heard in their own behalf.

The other questions have been decided adversely to appellants' contentions, in case No. 7015, supra.

The judgment as against these appellants is reversed and the cause remanded for trial as to them.

ASSOCIATE JUSTICES MATTHEWS and ANDERSON concur.

MR. CHIEF JUSTICE CALLAWAY: I concur in the result.

MR. JUSTICE STEWART, being disqualified, did not hear the argument and takes no part in this decision.