GREAT NORTHERN RAILWAY CO., a Corporation, Plaintiff and Respondent, v. ROOSEVELT COUNTY and W. C. Hanson, County Treasurer, Defendants and Appellants.

No. 9734.
332 Pac. (2d) 501.
Submitted March 20, 1958. Decided Dec. 3, 1958.

Forrest H. Anderson, Atty. Gen., Lawrence Persson, County Atty., Wolf Point, for appellants.

Weir, Gough & Matson, Helena, for respondent.

MR. JUSTICE BOTTOMLY:

The facts causing this controversy are as follows: The County Commissioners of Roosevelt County, Montana, established a rural fire district, July 13, 1953, within Roosevelt County. Said fire district consisted of the area around Bainville, Montana. In the establishment of this fire district the Board of County Commissioners followed the provisions of the applicable statute, to-wit: section 11-2008, as amended by section 1, chapter 75, Laws of 1953, and section 11-2009, Revised Codes of Montana 1947. In attempting to create the purported rural fire district, the County Commissioners of Roosevelt County, Montana, included within the boundaries of said purported district 35.47 miles of the railroad track of

the Great Northern Railway Company. By so doing the Railway Company's taxable property valuation in the purported district was assessed at $469,004, this was 40.13 percent of the $1,168,620, total taxable and assessed valuation of all the property of the district. The actual improvements of the Great Northern Railway Company in the purported district amounted to only $3,546.

It was stipulated in an agreed statement of facts, and admitted by all parties in their briefs, that the said County Commissioners of Roosevelt County, Montana, created said rural fire district and established the fire limits for the same, without giving the Great Northern Railway Company any notice whatever, without giving said Great Northern Railway Company any opportunity to be heard or a hearing on the merits of the proposed fire district or the creation thereof, and without *giving* said Railway Company an opportunity to offer objections to the creation thereof or to the inclusion of any or all of its property therein before creating the same; that the Board of County Commissioners of Roosevelt County, Montana, authorized and directed the assessment and fixed the rate designating a levy of two mills to be imposed for the purported fire district on the taxable property including the operating property of the said Railway Company within the so-called rural fire district; that the taxable valuation for the said year of 1953 of the operating property of said Railway Company in said fire district was $469,004; that the tax on said property, by the levy of two mills thereon produced a tax of $938, one-half of which amounted to the sum of $469, was, prior to November 30, 1953, paid by the Great Northern Railway Company to the defendant, W. C. Hanson, as County Treasurer of Roosevelt County, Montana, under protest, and paid the last half of said tax before May 31, 1954.

The said Railway Company filed this suit in District Court on January 18, 1954, to recover the said sum paid under protest, contending there, and on this appeal here, that said creation of said such rural fire district by the Board of County

Commissioners of Roosevelt County was void as well as the said assessment of their property therein and the levy of the said tax, and contending that the said sections of the Montana Code as then written, to-wit, R.C.M. 1947, section 11-2008, as amended by section 1, of chapter 75, Laws of 1953, and R.C.M. 1947, section 11-2009, are unconstitutional and in direct violation and conflict with the first clause of the Fourteenth Amendment of our Federal Constitution and section 27, of Article III, of our State Constitution.

The District Court so found and entered judgment for the Great Northern Railway Company. With the contention of respondent and the judgement entered, we agree.

The sole question is, are these sections above-mentioned void because in violation of the "due process" clause of our constitutions?

As aforesaid it is admitted and stipulated that neither of the sections as then written and enacted by the legislature, provided for any notice whatever, nor of any opportunity whatever to be heard, before or at the time of creating such said districts, nor at or before the time of making the assessment of the valuation of the property within the district nor at the time or before the setting of the levy of the tax.

Section 11-2008, R.C.M. 1947, as amended by section 1, chapter 75, Laws of 1953, is unconstitutional as taking property without due process. Said section 11-2008 provides for the establishment by the board of county commissioners, when properly petitioned, of fire districts. It further provides for the levy of a *special tax* upon the property within the district so established. This special tax assessment is to be collected as are other taxes. The decision of the commissioners to establish the district is final. The levy of the *special tax* upon the property within such district is for the purpose of buying apparatus and maintaining the fire department of any such district, or for the purpose of paying to a city or town the consideration provided for in any contract with the council of such city or town for the extension of fire protection serv-

ice to property within such district. *This is a special assessment*. The statute under consideration here does not provide for any notice to the property owners affected, of the creation of the district nor any notice that the special tax assessment is to be levied upon them, nor does the act provide that the taxpayer may appear and be heard before his property is subjected to the tax. For these reasons, this legislative act is unconstitutional as being in direct conflict with section 27 of Article III of our Montana Constitution which provides that *"No person shall be deprived of life, liberty, or property without due process of law."* Emphasis supplied.

In addition the act impinges upon the first clause of the Fourteenth Amendment of the Constitution of the United States of America which commands that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall *any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."* Emphasis supplied.

Here it can be honestly argued, that the law would be a beneficial one, and that through its proper application lives and property may be saved and that a number of such districts have been created under its provisions, but there is no excuse nor argument for the violation of the Constitution. The mere fact that others have violated the "due process" clauses of our constitutions and that the contemplated action or actions taken may be thought to be in the best interest of the county or other subdivision and of the people thereof is not an admissible argument. The doctrine of expediency does not enter into the construction of statutes. Whatever reason prompted the legislature to enact these statutes, the intent of the said statute is plain, and the courts may not sanction a violation of the constitutions, however beneficial such a law may seem. It is significant that due notice and hearing are now required to be given and had by the 1957 amendment to

this statute, curing the constitutional defect of the original act.

This court has said that "So long as ample provision is made for notice to every interested landowner and an opportunity for him to be heard before he may be affected adversely, it cannot be said that the statute operates to deprive him of his property without due process of law." In re Valley Center Drain District, Big Horn County, 64 Mont. 545, 551, 211 Pac. 218, 221.

There are two United States Supreme Court cases arising out of the State of Mississippi and one case from the Supreme Court of Mississippi. Under the facts of those cases the results reached therein were correct as follows: The holding in Hutchins v. Board of Supervisors of Alcorn County, 227 Miss. 766, 87 So. (2d) 54, 57, that "where local improvements of a public nature are constructed under laws providing that the cost shall be paid in whole or in part from the proceeds of *special assessments* to be levied *on the property beneficially affected thereby, the property owners have a right to notice and an opportunity to be heard before special assessments can be legally imposed upon the property* [Citing cases.]" is the correct rule and is the rule that should be applied in this case. Emphasis supplied. In the case at bar the statute provides for a *special tax* requiring a *special assessment* upon the property to be beneficially affected to the end that those benefited shall pay the whole cost through the special tax, the proceeds used in buying the apparatus and maintaining the fire department of the district or paying a city or town for extension of such fire protection to the district.

The Hutchins case, supra, clearly points out the fact that ▆ *a special tax or assessment was not to be imposed in that case.* There the cost of the improvements were to be raised by the *general taxing powers of the county.* They point out that the state law gave the property owners a right to be heard upon the valuation of his property for general taxation. So also does the law of the State of Montana in respect to general

county taxes. But nowhere in this statute, R.C.M. 1947, section 11-2008, is such provision made in respect to this *special tax*. Due process is *not* limited to a guarantee of the opportunity to object to the value placed on property for tax purposes when the tax involved is such as imposed here. That is but a facet of "due process." Under the general tax statutes of the State of Montana, taxpayers must be notified of the assessment of their property. In addition they must be given an opportunity to object to the value placed on the property. R.C.M. 1947, sections 84-4502, 84-4503. But satisfaction of the second provision depends upon notice. The notice must be reasonably calculated to apprise the property owner of the proceedings affecting his legally protected interest. *A statute such as section 11-2008, supra, providing for the imposition of a special tax without notice does not satisfy the notice requirement of due process of law.* The fire districts provided for by R.C.M. 1947, section 11-2008, could be created without notice after the county commissioners have ceased sitting as a county board of equalization, but before the yearly levy of taxes. Thus the property owner could be deprived of both notice of the special tax upon his property, and the opportunity to contest the valuation of the property taxed. The fact that the tax is to be collected as other taxes is merely an administrative provision. It does not change the special character of the tax or assessment. Such taxes and assessments require notice and an opportunity to be heard before they can be legally imposed upon the property. The general rule is stated in 42 Am. Jur., Public Administrative Law, section 135, at pages 470, 473, where it is said: "It is generally held that administrative officers may not, nor may a statute so empower them in the exercise of judicial or quasi-judicial powers, deprive an individual of * * * property *without notice* and hearing." Emphasis supplied. Thus it is said that a hearing and notice, before a citizen is deprived of property by a tax is absolutely necessary and essential to due process. Compare Oliphant v. Carthage Bank, 224 Miss. 386, 80 So. (2d) 63.

362

In 16A C.J.S. Constitutional Law section 662, page 1042, the general rule that, before a special tax or assessment can become a fixed and permanent charge on the property of an individual, due process of law requires that he must have notice of it and some opportunity to contest its validity and amount." Citing the Montana case of Scilley v. Red Lodge-Rosebud Irr. Dist., 83 Mont. 282, 296, 272 Pac. 543, in support of the general rule. See also, In re Gallatin Irrigation District, 48 Mont. 605, 140 Pac. 92; Billings Bench Water Association v. Yellowstone County, 70 Mont. 401, 225 Pac. 996. The constitutional limitation placed on the legislature is that the property of the citizen or taxpayer shall not be taken by a special assessment and tax without *due process of law*, that is after notice and an opportunity to be heard.

We need not go to any other jurisdiction for our rule in this case. This court in Mitchell v. Banking Corporation of Montana, 94 Mont. 183, 187, 22 Pac. (2d) 155, 156, speaking through Mr. Justice Angstman said: "Due process of law guaranteed under section 1 of the Fourteenth Amendment to the Constitution of the United States, and section 27 of article III of the Montana Constitution, requires a hearing or an opportunity to be heard before being concluded by a judgment. Chauvin v. Valiton, 8 Mont. 451, 20 Pac. 658, 3 L.R.A. 194; 33 C.J. 1106."

"Due process of law" refers to and means certain funda- mental rights which our system of jurisprudence has always recognized, that is, of requiring notice to be given and a hearing had before property may be taken, or impressed with a lien, giving to the owner thereof these constitutional prerogatives.

Where as here the statute does not provide for either a notice to the owner or a hearing before incorporating his lands in a fire district, while at the same time, it *imposes a special tax upon his property therein,* the statute is clearly unconstitutional as violating both the state and federal Constitutions.

If the statute, as here, does not provide for a notice in any

form, nor the right to a hearing, it directly and unequivocally conflicts with the "due process of law clauses."

"The law itself must save the parties rights, and not leave them to the discretion of the courts as such." See Coe v. Armour Fertilizer Works, 237 U.S. 413, 425, 35 S. Ct. 625, 59 L. Ed. 1027; Security Trust & Safety Vault Co. v. City of Lexington, 203 U.S. 323, 27 S. Ct. 87, 51 L. Ed. 204.

Particularly illustrative of these facts are the late pronouncements of the Supreme Court of the United States. In Covey v. Town of Somers, 351 U.S. 141, 146, 76 S. Ct. 724, 727, 100 L. Ed. 1021, the court, discussing the requirements of "due process" quotes from Mullane v. Central Hanover Bank & Trust Co., 1950, 339 U.S. 306, 314-315, 70 S. Ct. 652, 94 L. Ed. 865, as follows " '*An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated,* under all these circumstances, *to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.* \* \* \* [W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it'." Emphasis supplied. See also, Milliken v. Meyer, 311 U.S. 457, 61 S. Ct. 339, 85 L. Ed. 278; Priest v. Board of Trustees of Town of Las Vegas, 232 U.S. 604, 34 S. Ct. 443, 58 L. Ed. 751; Roller v. Holly, 176 U.S. 398, 20 S. Ct. 410, 44 L. Ed. 520.

Against the interest of the state in tax matters we must balance the interests of the taxpayer sought to be protected by the Fourteenth Amendment of the Federal Constitution and section 27 of Article III of the Montana Constitution. This right of notice and an opportunity to be heard is defined by the courts *as the essence and meaning of "due process of law."* Compare Grannis v. Ordean, 234 U. S. 385, 394, 34 S. Ct. 779, 783, 58 L. Ed. 1363.

In the Covey case, supra, notice was required by the statute and had been given, but the person who was being foreclosed

was a known incompetent and had been for many years. The court held that the statutory notice was insufficient because it was to this person nothing but a gesture and thus without due process of law.

In Walker v. City of Hutchinson, 352 U.S. 112, 77 S. Ct. 200, 1 L. Ed. 2d 178, notice by publication was given in an action involving condemnation proceedings. It was there held that notice must be reasonably calculated to inform parties of proceedings which may directly or adversely affect their legally protected interests.

In Lambert v. People of State of California, 355 U.S. 225, 78 S. Ct. 240, 243, 2 L. Ed. 2d 228, the court again discussing due process said: "*Notice* is required before property interests are disturbed, *before assessments are made,* before penalties are assessed. Notice is required in a myriad of situations where a penalty or forfeiture might be suffered for mere failure to act." Emphasis supplied.

This latter case, as here, involved a situation where no notice was required or given. See also, Mullane v. Central Hanover Bank & Trust Co., supra; the Covey and Walker cases, supra.

Unquestionably the property of the Great Northern Railway, including its lands and other property, is a legally protected interest.

Unquestionably the imposition of a special tax assessment adversely affects this legally protected interest.

Unquestionably where notice is not required or given of proceedings adversely affecting this legal interest, due process has been denied under the Montana Constitution and the United States Constitution.

Even when required and given, notice must be such that it is reasonably calculated to apprise a person of proceedings adversely affecting his property interests, otherwise it denies him due process of law.

When property interests are adversely affected by proceedings that require no notice at all to the persons affected the

rule is still the same and is just that much more obviously a *denial of due process*.

The issue here is not sufficiency of the notice required which of itself may deny due process, but the basic proposition is that *no notice was given or required, that no opportunity to be heard at all was given the taxpayer although the proceedings directly affected his legal interest and could result in some instances of complete confiscation of the taxpayer's property.* This is a patently obvious denial of due process. The taxpayer here had no notice, no knowledge of the assessment, no opportunity to protest or contest it or its amount before the Board of County Commissioners, nor the Board of Equalization. Fine distinctions based on general taxing power cannot conceal the true facts. The denial of the opportunity to have notice of such special tax proceedings directly and adversely affecting the legally protected property interests of the respondent was a denial to it of due process of law. Any other conclusion is untenable.

For the foregoing reasons, the weight of authority, and the rules of our jurisprudence, it appears beyond question that R.C.M. 1947, section 11-2008, and R.C.M. 1947, section 11-2009, before the 1957 amendment, was and is unconstitutional as being in direct conflict with section 27, Article III, Montana Constitution and the first clause of the Fourteenth Amendment to the Constitution of the United States of America.

The judgment of the District Court is affirmed.

MR. CHIEF JUSTICE HARRISON did not participate in this opinion.

MR. JUSTICES CASTLES, ANGSTMAN and ADAIR, concur.