Note.—See under (1) 29 Cyc. pp. 1220, 1221, (1926 Anno). (2) 29 Cyc. p. 1247.

---

**ARDMORE PAINT & OIL PRODUCTS CO. et al. v. STATE INDUSTRIAL COM. et al.**

No. 14864—Opinion Filed March 17, 1925.

**Master and Servant—Workmen's Compensation Law—Case Followed.**

The second and third paragraphs of the syllabus in the case of Ohio Drilling Co. v. State Industrial Commission et al., 86 Okla. 139, 207 Pac. 314, are adopted as the syllabus of this case.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Appeal from State Industrial Commission.

Action by Ardmore Paint & Oil Products Company, a partnership, and the Maryland Casualty Co., a corporation, to review award of workmen's compensation to Willis J. Stoneburner. Affirmed.

Ross & Thurman and Samuel J. Clay, for petitioners.

Fred Davis and Lloyd C. O'Dell, for respondent W. J. Stoneburner.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for respondent State Industrial Commission.

Opinion by THREADGILL, C. The petitioners have appealed from an order of the Industrial Commission awarding compensation to the claimant, Willis J. Stoneburner, on account of injuries sustained by him on October 4, 1922, while in the employ of the Ardmore Paint & Oil Products Company, a partnership. Omitting the caption, the order was as follows:

'Now on this 16th day of October, 1923, this cause comes on to be determined on the claimant's claim for compensation for an injury which he alleges occurred to him while in the employment of the Ardmore Paint & Oil Products Company on October 4, 1922; and the commission, having considered the testimony taken at a regular hearing at Ardmore, Okla., on September 11, 1923, before a member of the commission, to determine liability and extent of disability, at which hearing the claimant appeared in person and the respondent and insurance carrier were represented by J. S. Ross of Oklahoma City, and having examined all the records on file in said cause, and being otherwise well and sufficiently advised in the premises, finds the following facts:

"(1) That the claimant herein was in the employment of the Ardmore Paint & Oil Products Company and was engaged in a hazardous occupation within the meaning of the statute, and that while in the employment of said respondent and in the course of his employment, the claimant sustained an accidental injury on the 4th day of October, 1922, when he was burned in a gas explosion.

"(2) That as a result of said accident the claimant sustained burns to the head, face, hands and body and, as a result of such injuries, the claimant was temporarily totally disabled from performing his work from October 4, 1922, to April 1, 1923, a period of 25 weeks and 4 days. The commission further finds that the nature of the permanent injury to claimant's hands is such that the extent thereof cannot be determined at this time.

"(3) That the respondent had proper notice of said accident and the employe filed his claim for compensation with the commission within the statutory period.

"(4) That the claimant's average wage at the time of the injury was $100 per month.

"(5) That the claimant herein, in addition to performing manual labor in the employment of the respondent herein, also supervised the business of said respondent and, as such supervisor, was the only agent of the respondent herein of whom the statutory request for medical treatment might be made; that the claimant secured necessary medical treatment and expended therefor the sum of $560.

"The commission is therefore of the opinion: That by reason of the aforesaid facts the claimant is entitled under the law to compensation at the rate of $11.54 per week from October 4, 1922, to April 1, 1923, being a period of twenty-five (25) weeks and four (4) days, in the sum of $856.19, and that this cause should be continued to determine the extent of permanent disability and disfigurement.

"It is therefore ordered: That within ten days from this date, the respondent herein, the Ardmore Paint & Oil Products Company, or the insurance carrier, the Maryland Casualty Company, pay to the claimant the sum of $296.19 being compensation for 25 weeks and 4 days' disability, and the sum of $560, being reimbursement for medical expenses incurred, or a total

sum of $856.19, and that this cause be continued to determine the extent of permanent disability and disfigurement."

The grounds relied on by petitioners for reversal are stated by them in their brief as follows:

"The sole question sought to be presented is whether or not an individual who is practically, if not absolutely in charge of a small business owned by himself and wife, and where the wife has nothing to do with the operation and management of the business, is entitled to compensation under the Workmen's Compensation Law.

"We contend that there was not such employment here as is contemplated by the Workmen's Compensation Law of the state of Oklahoma, and that the act in question was not designed for the purpose of protecting an individual situated as was Mr. Stoneburner here, or of allowing compensation under such circumstances; that such a situation as we are dealing with here was not and could not have been anticipated by the Legislature when the Workmen's Compensation Law was passed; and that to allow compensation here would be inconsistent with the entire theory of the Workmen's Compensation Law."

Upon authority of Ohio Drilling Co. v. State Industrial Commission et al., 86 Okla. 139, 207 Pac. 314, decided by this court May 2, 1922, the order of the Industrial Commission in this case is affirmed.

By the Court: It is so ordered.

Note.—See nder (1) C. J. Cyc. Workmen's Compensation Acts, p. 47, §38.