## RANNEY-WILSON RIG BUILDING CO. et al. v. HAMBY et al.

No. 22850. Opinion Filed April 12, 1932.

Roy V. Lewis and Miley, Hoffman, Williams & France, for petitioners.

Carmon C. Harris, for respondent.

RILEY, J. Petitioners ask for a review of an award made by the State Industrial Commission against them and in favor of claimant, Sam Hamby.

The accidental injuries out of which the claim arose were received April 30, 1925, and were described in the first attending physician's report as compound fracture of the left arm.

Compensation at $18 per week was voluntarily paid for sometime. Thereafter a stipulation and receipt on Form No. 7, was filed, but payment of compensation was thereafter voluntarily resumed. A further hearing was had to determine extent of disability, and on May 5, 1927, the Commission made a finding of 25 per cent. loss of the use of the left arm, and awarded compensation therefor for 62½ weeks, or a total sum of $1,125, and ordered same paid less any sum theretofore received by claimant. Under this order petitioners were given credit for about $1,008, theretofore paid, and on May 28, 1927, filed a receipt showing the

payment of the balance of the award in the sum of $117.

About October, 1930, an attempt was made to reopen the case, but it failed because of insufficient allegations as to change of condition. On June 6, 1931, claimant filed a motion to reopen the case in which he specifically alleged a change of condition after the award of May 5, 1927, in that due to the injury he then had from 25 to 50 per cent. loss of the use of his legs, and also a change of condition as to the left arm amounting to an additional 25 per cent. This motion was at first denied without a hearing, but the order was afterwards set aside and a hearing ordered. After such hearing the Commission made its findings in part as follows:

"That as a result of said injury claimant was temporarily disabled for more than two years, and an order was made by the State Industrial Commission on the 10th day of May, 1927, ordering the respondent to pay the claimant the sum of $1,125; that claimant has received nothing since that time;

"That in addition to claimant's temporary total disability claimant was awarded 25 per cent. loss of use of the left arm which was considered the only permanent loss the claimant had sustained at the date of the order, May 10, 1925. * * *

"The Commission is of the opinion: By reason of the aforementioned injury, and by reason of pieces of bone being removed from each of the claimant's legs in order to repair the injury to the left arm, that the claimant has suffered a partial permanent disability to the left foot of five per cent. and ten per cent. permanent disability to the right foot, added and divided by two; the claimant has suffered seven and one-half per cent. permanent disability to both feet, by reason of the bone removal for grafting purposes, and that the claimant has suffered a change of condition in the left arm to the extent of 20 per cent. in addition to the 25 per cent. heretofore awarded; the claimant is hereby awarded by this Commission the further percentage on the claimant's disability to both feet and the left arm, seven and one-half per cent. to both feet and 20 per cent. to the left arm, which is permanent or 87½ weeks, at $18 per week. or the sum of $1,575; in addition to any and all other sums paid this claimant by reason of his disability."

Payment of the award so made was ordered within 15 days, and petitioners commence this proceeding to review said award.

They first contend that there is no competent evidence to sustain the finding of the Commission of change of condition of the arm. They further contend that there is no finding of change of condition of claimant's legs, and that there is no competent evidence to sustain the award as a whole.

On the first proposition petitioners rely upon the fact that at the time of the former award the Commission found claimant had sustained a 25 per cent. loss of the use of his arm and at the last hearing one of the two expert witnesses, Dr. Grant, testified that the claimant then had a loss of 25 per cent. of the use of the arm, and the other expert witness, Dr. Shaw, testified that in his opinion claimant at that time had a 50 per cent. "permanent functional disability of the lower arm." It must be conceded that if this was all the testimony of the two experts, there would be but a conflict in the evidence. The petitioners contend that the testimony of Dr. Shaw is so weakened by other statements that his testimony as a whole indicates that there had been no change of condition as to the arm since the hearing of May, 1927. Dr. Shaw's subsequent statements somewhat weaken his testimony as to his opinion of the percentage of the loss of use of the arm, but not so much as to remove the conflict in the evidence. The question was still one of fact for the Commission. Although the findings of the Commission might not seem to us to be in accord with the weight of the evidence, we cannot say that there is no competent evidence to support the finding of 20 per cent. additional loss of the use of claimant's arm.

There was no finding by the Commission as to change of condition of claimant's legs. However, claimant testified that his legs were all right at the time of the award in May, 1927, but since that time he had noticed a change and that his legs had subsequently given him considerable trouble. Dr. Grant testified in his opinion claimant had a 15 per cent. loss of the use of the left leg and ten per cent. loss as to the right leg. Dr. Shaw testified to a ten per cent. loss of the use of the left leg and a five per cent. loss of the use of the right.

Injuries to his legs being shown to be below the knees, they were considered as loss of the use of the feet rather than loss of the use of the legs.

At the close of the hearing, Presiding Commissioner Doyle announced from the bench the findings of the Commission to the effect that there was a change of condition of claimant in that he had suffered ten per cent. permanent partial loss of the use of the left foot and five per cent. of the right, and 20 per cent. additional disability to the left arm. But in the formal order no mention was made of any change of condition

222

of the fact. A better practice would be to incorporate all the findings of fact in the formal order, but in this case the record as a whole is sufficient to show the finding of the Commission as to the change of condition of claimant's feet, and the award will not be reversed because of failure to incorporate in the formal order the findings announced from the bench.

Petitioners raised no question as to the correctness of the method of computing the compensation, and we express no opinion thereon. However, finding No. 3 by the Commission, to the effect that in the original award claimant was awarded temporary total disability of 25 per cent. loss of the use of the left arm in addition to his temporary total disability, cannot be approved as it is in direct conflict with the former order which in express terms awarded compensation for 25 per cent. permanent loss of the use of the left arm, 62½ weeks computed from April 30, 1925, less five days' waiting period, amounting to $1,125, "less any sum theretofore paid."

This erroneous finding does not affect the award as made, but if approved might be made the basis of a future claim of payment for the difference between the sum of $1,125, and the amount actually paid after the finding of 25 per cent. permanent loss of the use of the arm. With the exception noted as to finding No. 3, the findings and award of the State Industrial Commission are affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur.