**CAMPBELL BAKERIES et al. v. BAUMEISTER et al.**

No. 23067.    Opinion Filed Nov. 1, 1932.

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioners.

Hagan & Gavin and J. Berry King, Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding in this court instituted by the respondent and its insurance carrier before the State Industrial Commission to review an award in favor of the claimant therein. The parties hereinafter will be referred to as petitioners and claimant, respectively.

The claimant was employed by the petitioner Campbell Bakeries in a bakery owned and operated by it. He testified that his work necessitated his handling heavy containers of material; that in the early part of August, 1930, he commenced to have pains in his back, hip, and right leg; that those pains "just came on me gradually," commencing about August 4th; that he reported the fact about four or five days thereafter; that he was unable to say what particular lifting or handling caused his injury; that he could not give the time or place when his injury occurred, and that on the date fixed by him in his notice of injury nothing happened other than what had already existed for a week or more.

The physicians who examined him testified that his trouble was caused by the handling of heavy objects over a period of time.

The record discloses no such accidental personal injury as is contemplated by the provisions of the Workmen's Compensation Act of Oklahoma. It shows that the claimant is suffering from an industrial or occupational condition caused by the character of work in which he was engaged.

Under the decisions of this court in St. Louis Mining & Smelting Co. v. State Industrial Commission, 113 Okla. 179, 241 P. 170; Thomas v. Ford Motor Co., 114 Okla. 3, 242 P. 765; United States Gypsum Co. v. McMichael, 146 Okla. 74, 293 P. 773; Ford Motor Co. v. Scruggs, 154 Okla. 219, 7 P. (2d) 479, and Imperial Refining Co. v. Buck, 155 Okla. 25, 7 P. (2d) 908, the condition of the claimant is not compensable under the provisions of the Workmen's Compensation Act of Oklahoma, and the award of the State Industrial Commission for that reason must be vacated.

The award of the State Industrial Commission is vacated and the cause is remanded, with directions to dismiss the claim.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.