## TULSA LEAD & ZINC CO. et al. v. UTTON et al.

No. 23866. Opinion Filed May 2, 1933.

Ray McNaughton, A. C. Croninger, and J. Fred Swanson, for petitioners.

Wm. M. Thomas, for respondents.

ANDREWS, J. This is an original proceeding in this court instituted by the respondent and its insurance carrier before the State Industrial Commission, to review an award in favor of the claimant therein.

The claimant sustained an accidental personal injury to his left leg while in the employment of the petitioner, which, under the terms of a settlement between the claimant and the petitioner, effected on April 22, 1929, and a finding and award of the Commission based thereon, resulted in a 45 per cent. permanent partial loss of the use of his leg.

On February 4, 1932, the claimant filed a petition to reopen the cause on the ground of a change of condition. After a hearing was had, the Commission found that by reason of the change of condition the claimant had a 70 per cent. permanent partial loss of the use of his leg, and it made an additional award of 25 per cent. for permanent partial disability. That award is sought to be reviewed herein.

It is contended that there was no competent evidence of a change of the claimant's condition. The record shows such evidence, and that contention cannot be sustained.

It is contended that the Commission was not authorized to make an award for additional permanent partial disability without hearing testimony as to the percentage of permanent partial disability existing at the time of the settlement and former award. We held to the contrary in G. S. & C. Drilling Co. v. Pennington, 151 Okla. 61, 1 P. (2d) 764.

It is contended that there was no competent evidence that the alleged change of condition was due to the original injury. We think that the testimony of the petitioner's witness, Dr. Aisenstadt, is sufficient alone to show that the claimant's present condition is a result of the original injury. In addition to that testimony, there was other competent testimony to the same effect.

It is contended that the award of the Commission did not recite that the change of condition was due to the original injury. Such recitation is unnecessary. Glasgow v. State Industrial Commission, 120 Okla. 37, 250 P. 138.

There was competent evidence reasonably tending to sustain the finding of the State Industrial Commission, and the award is sustained.

CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and BAYLESS, JJ., concur. RILEY, C. J., and BUSBY and WELCH, JJ., absent.