**FARRIS-CANTRELL, Inc., et al. v. STATE INDUSTRIAL COMMISSION et al.**

No. 28302.    June 7, 1938.

Rehearing Denied July 26, 1938.

Application for Leave to File Second Petition for Rehearing Denied Oct. 4, 1938.

Jameson & McMahon, O. C. Essman, and J. L. Finegan, for petitioners.

Dan Nelson, G. G. McBride, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Farris-Cantrell, Inc., and its insurance carrier. hereinafter referred to as petitioners, to obtain a review of an award made by the State Industrial Commission in favor of G. O. Smith, hereinafter referred to as respondent.

The basic facts are not in dispute. The respondent, as a result of the explosion of a tank on which he was working on March 16, 1936, sustained certain accidental personal injuries which were compensable under the Workmen's Compensation Act. The petitioners furnished the respondent with necessary medical attention and paid him compensation for his period of temporary total disability which followed the accident. Thereafter a settlement for the permanent partial disability to both hands, loss of teeth, and disfigurement suffered by respondent was made under a Form 14 agreement which was approved by the State Industrial Commission on June 8, 1936, subject to its continuing jurisdiction to reopen on a change of condition. Neither the Form 14 agreement nor the order which approved it made mention of any head injury other than that which was incidental to the loss of teeth and disfigurement. Prior to aforesaid settlement the respondent had returned to his duties as a welder in the service of his employer, and after the settlement continued to work in such employment until August 5, 1936, at which time, while doing some welding, he collapsed and was thereafter unable to do any further work. The respondent thereupon applied to the commission for an award on the theory that he had sustained an accidental personal injury in the form of a heat stroke as a result of his collapse on August 5, 1936. At the hearings held by the commission on the claim thus made, the petitioners produced medical evidence to negative the claim of a heat stroke, and after hearing all of the evidence of the parties the commission was of the opinion that the respondent had not

sustained an accidental injury as claimed by him on August 5, 1936, and denied his claim by an order dated June 5, 1937. On October 24, 1936, the respondent had filed with the State Industrial Commission an application to reopen the prior award of June 8, 1936, on the ground of a change in his condition for the worse, and the commission, after denying the claim for compensation on the ground of accidental injury on August 5, 1936, thereupon proceeded to take up the motion to reopen the original case upon a change of condition. In support of the claim and in opposition thereto there was much medical evidence introduced at the hearings held by the commission, both on the part of the respondent and the petitioners. This evidence was in accord with respect to the fact that the respondent had been totally and permanently disabled from and after August 5, 1936, but was in conflict with respect to the cause of such disability. The evidence of the respondent attributed his condition to his injury of March 16, 1936, while the evidence of the petitioners attributed it to disease which had been acquired by the respondent subsequent to that date. The commission, after hearing all of the parties and evidence offered, entered, on November 3, 1937, the award which we are now called upon to review, and therein, in substance, found that subsequent to its order of June 8, 1936, the respondent had suffered a change in condition for the worse whereby he had been rendered permanently and totally disabled, and upon the findings thus made awarded compensation for permanent total disability. The petitioners contend that the findings of fact and the award based thereon are not supported by any competent evidence, and in this connection the petitioners urge:

"There is no competent evidence to show that the disability of claimant was due to the injury of March 16, 1936, since he is now suffering from a disease, and since the evidence also shows an injury subsequent to March 16, 1936.

"Commission did not find a change of condition attributable to the injury of March 16, 1936, but merely found claimant's condition was worse. Such finding is insufficient upon which to base the award.

"The injuries compensated for in the former award of June 8, 1936, were for injuries to hands, loss of teeth and disfigurement; no award being made for head injury. Since there is no evidence to show a change of condition with reference to injuries claimant was compensated for, no change of condition has been shown."

In support of the contentions thus advanced, the petitioners first review at some length the medical testimony and insist that, since the respondent reacted positively to a Wasserman test on September 2, 1937, and had reacted negatively thereto on August 11, 1936, thereby it was conclusively established that his disability was to be attributed to disease which had been acquired subsequent to the injury. Petitioners concede that the testimony of Dr. W. D. Baird, who appeared for the respondent and who had examined the respondent just prior to the order of June 8, 1936, and again just prior to August 3, 1937, established the fact that respondent's disability was due to his injury of March 16, 1936, but urge that the testimony of this doctor should be excluded as incompetent, since it was based upon a history of an injury which had rendered the respondent unconscious for a time and of which there was no proof. Petitioners apparently overlook the report of Dr. Earl D. McBride made on June 8, 1936, wherein he stated that he had examined the respondent on May 9, 1936, and at that time respondent had given him a history of having been knocked unconscious by the force of an explosion on March 16, 1936. As stated in Eagle Picher Lead Co. v. Black, 164 Okla. 67, 22 P.2d 907:

"On a motion to reopen on the ground of a change of condition, the burden is on the claimant to prove, first, the change of condition, and second, that the change of condition was the result of an original compensable injury."

This court, however, on review of an award based on a change of condition attributable to the original accidental injury, will not weigh conflicting evidence, but will sustain the award if there is any evidence reasonably tending to support it. Ranney-Wilson Rig Bldg. Co. v. Hamby, 156 Okla. 220, 10 P.2d 410. And when there is evidence to establish the fact that the change in condition was due to the original injury, it is not necessary that the award made by the commission contain such a recitation. Glasgow v. State Industrial Commission, 120 Okla. 37, 250 P. 138; Tulsa Lead & Zinc Co. v. Utton, 163 Okla. 192, 21 P.2d 748.

While the Form 14 agreement herein involved provided compensation for injury to the hands and for loss of teeth and disfigurement, it also recited that the disabilities for which settlement was thereby made covered general injuries and shock sustained by the respondent as the result of his accident of March 16, 1936, thus pre-

senting a different situation from that involved in the case of Skelly Oil Co. v. Gage, 167 Okla. 329, 29 P.2d 616, cited by the petitioners. Under the facts and circumstances shown by this record, we are of the opinion that respondent was not confined to showing a change in condition of his hands, teeth, and face on his claim of change in condition, but thereunder could properly show that, due to his general injuries and shock to his system which he had sustained as a result of his original accidental injury, he had thereby been rendered permanently and totally disabled subsequent to the last prior order of the commission, and that upon such showing the commission was authorized to grant an additional award.

No error of law is presented. The award is sustained.

RILEY, PHELPS, CORN, GIBSON, and HURST, JJ., concur.