ESLICK v. CHAMPLIN REFINING CO. et al.

No. 31617. May 2, 1944.

Rehearing Denied May 23, 1944.

*148 P. 2d 987.*

234

Claud Briggs, of Oklahoma City, for petitioner.

Scarritt & Champlin, of Enid, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. R. G. Eslick, hereinafter called petitioner, filed his first notice of injury and claim for compensation stating that he sustained an accidental injury arising out of and in the course of his employment with the respondent Champlin Refining Company on August 11, 1941, when he was overcome with a sudden avalanche of dust which inflamed and aggravated his lungs and lighted up tuberculosis. After full hearings the State Industrial Commission entered its order of September 14, 1943, denying compensation to the petitioner, and this proceeding is brought to review the order denying the award.

The record discloses an irreconcilable conflict in the medical testimony. Petitioner testified that on the 11th day of August, 1941, he was employed as a warehouseman and on the morning of said date he was standing at the door of the storeroom and a laborer unloading some pipe fittings threw some L joints down against a partition in the storeroom and knocked some dust down from some boards on which it had accumulated and that the dust struck him in the face causing him to cough violently. He quit work on the night of the 12th of August, 1941, and was attended by Dr. Hinson and went back to work on September 2, 1941. He left his employment with the respondent soon thereafter and has not since been employed by it. He was employed in the stockroom or storeroom of the Government Air Depot at the last hearing on April 1, 1943. The expert testimony of medical witnesses for petitioner tends to support the view that the accumulation of dust suddenly thrown into the face of the petitioner lighted up a prior latent tubercular condition, and as a result thereof the petitioner is now suffering from active tuberculosis. The medical testimony of witnesses called for the respondent tends reasonably to disclose that the tubercular condition is not the result of the accumulation of dust being thrown into the face of the petitioner.

It is first argued that the findings of the State Industrial Commission made September 14, 1943, were based on the trial commissioner's findings which state:

"1. That the evidence is insufficient to show that due notice was given by claimant to the respondent of the accident alleged by claimant herein on August 11, 1941.

"2. That the evidence is insufficient to show that claimant received an accidental injury on said date which resulted in any disability.

"Upon consideration of the foregoing facts, the trial commissioner is of the opinion that claimant's claim for compensation should be denied.

"It is, therefore, ordered by the trial commissioner, that the claim of claimant herein for compensation be and the same is hereby denied."

And petitioner cites and relies on Christian v. Hanna, 144 Okla. 89, 289 P. 708, wherein in an application for an additional award on the ground of a change in condition this court held that the State Industrial Commission did not find that there was, or was not, a changed condition. Petitioner asserts that the rule is applicable here, and that the above finding is insufficient as a matter of law either to make or deny an award.

We think the rule applicable is expressed in Banning v. Peru-Laclede Syndicate, 179 Okla. 382, 65 P. 2d 976, wherein this court held that in awarding or denying compensation under the Workmen's Compensation Act the State Industrial Commission must determine the facts from all of the evidence submitted, and that the general rule covering trials of causes has no application to the proceeding before the commission or its order and findings. That when a full hearing has been conducted before the State Industrial Commission and the order or award is made, the legal question presented to this court is whether the same is supported by competent evidence. The State Industrial Commission is authorized to make general findings on the particular question presented to it. Farris v. State Industrial Commission, 183 Okla. 456, 82 P. 2d 984; Indian Territory Illuminating Oil Co. v. Crow, 147 Okla. 229, 296 P. 451; Glasco v. State Industrial Commission, 120 Okla. 37, 250 P. 138; Tulsa Lead & Zinc Co. v. Utton, 163 Okla. 192, 21 P. 2d 748. We are of the opinion, and hold, that the finding of the State Industrial Commission on the question of fact presented is amply sustained and that its order made thereon is sufficient as a matter of law.

We have held that the cause and extent of a disability arising from a compensable accidental injury are questions to be determined by the State Industrial Commission and where there is any competent evidence reasonably tending to support the finding, an order based thereon will not be disturbed on review. Zimmerman v. Leo Sanders Const. Co., 188 Okla. 361, 109 P. 2d 486; Hollis v. Mid-Continent Pet. Corp., 174 Okla. 544, 51 P. 2d 498; Magnolia Pet. Co. v. Watkins, 177 Okla. 30, 57 P. 2d 622; Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847.

The remaining contention is that it was the duty of the State Industrial Commission to make a finding on the question of notice and to excuse the failure to give the statutory written notice provided by 85 O. S. 1941 § 24.

What we have said above renders a discussion of this question unnecessary.

The order denying the award is sustained.

CORN, C. J., GIBSON, V.C.J., and OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur.