RODGERS v. BLAIR et al.

No. 33760. April 5, 1949.

*204 P. 2d 867.*

O. A. Cargill, James R. Eagleton, and O. A. Cargill, Jr., all of Oklahoma City, for petitioner.

Fenton & Fenton, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, J. In this proceeding Oblivion Thomas Rodgers, hereinafter called claimant, seeks to obtain a review of an order denying an award against Fred Newman, principal contractor under the provisions of 85 O.S. 1941 §11, which provides, in substance, that where the principal contractor hires an independent contractor to do work and labor incident to and connected with one of the trades or industries listed as hazardous under 85 O.S. 1941 §11 et seq., and said independent contractor does not carry insurance, the principal employer is liable to an injured employee of such independent contractor injured during the performance of such work and labor.

Following hearings conducted to determine the cause and extent of the disability and the liability of the parties involved, the State Industrial Commission denied an award against Fred Newman, and claimant has brought this proceeding to review the order denying the award.

The evidence discloses without substantial conflict that Fred Newman entered into a contract with J. P. Blair, an independent contractor, to construct 75 residences; that thereafter J. P. Blair entered into a contract with the claimant to construct five dwellings. The claimant appointed his son as foreman, and his son, together with four other employees, was engaged in aiding in the construction of one of the five residences agreed to be constructed, when the claimant, while inspecting such residences, fell from the roof of the adjoining garage, sustaining the injury for which he seeks an award.

Claimant presents two arguments. It is first argued that Fred Newman and J. P. Blair had an oral agreement by virtue of which it was not necessary for J. P. Blair, the independent contractor, to carry insurance, but that Fred Newman should carry the insurance and pay all liability assessed under the Workmen's Compensation Law to any injured employee of said J. P. Blair who was injured while working for Fred Newman. The second proposi-

tion is that the facts in substance disclose that the employment of claimant comes within the rule announced by this court in Ohio Drilling Co. v. State Industrial Commission, 86 Okla. 139, 207 P. 314, 25 A.L.R. 367; Southern Surety Co. v. Childers, 87 Okla. 261, 209 P. 927; Utility Coal Co. v. Rogez, 170 Okla. 264, 39 P. 2d 60.

The rule is aptly expressed in Ohio Drilling Co. v. State Industrial Commission, supra, wherein it is stated that where a partner, or other officer or associate in a group, is in fact an employee, the fact that he is such partner, officer or associate in such group does not prevent his recovering under the Workmen's Compensation Law. There is no evidence in the record that claimant associated himself together with other employees in pursuing any construction or doing any work and labor for J. P. Blair or for Fred Newman. In fact, the evidence offered by claimant did not purport to sustain any such association.

In order to establish that claimant was an employee of J. P. Blair, claimant introduced evidence of an oral agreement entered into on the morning of the accident, by which agreement Blair hired claimant to inspect and supervise the construction of all the dwellings being built by Blair. Both Blair and claimant testified that Blair agreed to pay claimant $5 per day, not to exceed $30 per week, for such inspection. This evidence is insufficient to establish the fact that claimant was an employee of J. P. Blair at the time he was injured, since claimant admitted that he was inspecting the roof or rafters of one of the five dwellings that he agreed to construct; that at the time of his inspection, his son and the other employee working with his son were employed on the dwelling. We are of the opinion, therefore, and hold, that there is no evidence reasonably tending to disclose, or sufficient to establish, a fact relationship coming within the rule of this court in Ohio Drilling Co. v. State Industrial Commission, supra,

and related cases cited by claimant. We further hold that in the light of all the facts and circumstances in this case, the relation of master and servant did not exist between Blair and Rodgers. Campbell v. Elledge, 184 Okla. 147, 85 P. 2d 412.

We think it unnecessary to determine the final question as to whether Fred Newman and J. P. Blair entered into any oral agreement by reason of which Newman was to be liable for Blair's injured workmen.

The order of the State Industrial Commission is sustained.

WELCH, GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.