JAMES v. PENNINGTON-WINTERS CONST. CO. et al.

No. 35450.   March 3, 1953.

Rehearing Denied April 7, 1953.

*256 P. 2d 156.*

Schwoerke & Schwoerke, Oklahoma City, for petitioner.

Looney, Watts, Ross, Looney & Smith, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

CORN, J. On the 29th day of August, 1951, Jimmie James, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on May 17, 1951, he sustained an accidental injury arising out of and in the course of his employment while employed as a pipeliner with Pennington-Winters Construction Company, respondent.

Thereafter, on the 9th day of October, 1951, an order was entered granting temporary total disability from the date of the accident covering a certain period and all payments under this order have been made. Thereafter, on motion of the claimant, the matter was set for hearing on the 10th day of December, 1951. The State Industrial Commission found that all liability for the temporary disability resulting from the accidental injury had been paid and that there was no permanent disability resulting from the accidental injury.

Claimant has perfected this proceeding on appeal from said order and raises the single issue that the State Industrial Commission erred as a matter of law in failing to enter an award for permanent disability.

At the hearing immediately prior to the order of December 10, 1951, there was no further testimony by the claimant as to the cause and extent of the accident. He had formerly testified that while employed in constructing a pipe line he was pulling brace boards out of an eight inch, foot cut ditch when he became overbalanced and was thrown into the ditch catching his right leg under him and severly straining his back.

Dr. C. A. Gallagher called as a witness for claimant at the second hearing testified that as a result of the accidental injury claimant had a severe pain in his back; that there was a disability resulting therefrom and that in his opinion this degree of disability was permanent. On cross-examination he admitted that this assumption was based upon the fact that claimant needed a corrective operation.

Dr. A. C. Lisle and Dr. Thornton Kell both filed reports and the purport of their testimony is that claimant had a temporary disability resulting from the accidental injury and that there is no permanent disability resulting therefrom.

Claimant's first contention is that the finding of the State Industrial Commission made in its first order and the finding made in its final order are inconsistent. In the final order it is stated:

"That claimant's period of temporary total disability ended as of October 22, 1951; and claimant has heretofore been paid compensation at $25.00 per week from the date of injury, less the five day waiting period, to October 22, 1951, pursuant to the Order of October 9, 1951, entered herein. That claimant has failed and refused to take the operation provided for in the Order of October 9, 1951.

"That from the medical testimony introduced herein, the Trial Commissioner finds that claimant sustained no permanent disability."

In the first order the State Industrial Commission found that claimant sustained an accidental injury on the 17th day of May, 1951, consisting of an injury to his back and then made the following finding:

"That claimant should submit to an explanatory operation at the hands of Dr. D. H. O'Donoghue, and such repair work as is necessary to be done at that time, Doctor O'Donoghue to con-

sult with Doctor A. C. Lisle, and Doctor Lisle to be present at the time of the operation. That O'Donoghue should have consultation with Doctor Lisle during claimant's convalescence after the operation and Doctor Lisle to examine claimant as he sees necessary and proper during claimant's convalescence. All this to be at the expense of respondent and/or insurance carrier."

Claimant relies upon Magnolia Petroleum Co. v. Phillips, 162 Okla. 149, 19 P. 2d 576, wherein the court stated:

"Where the State Industrial Commission makes inconsistent findings of fact on the material issues in the case, upon petition to review in this court, the award of the Industrial Commission will be vacated and the cause remanded with instructions to the commission to make consistent findings of fact and refuse or award compensation accordingly."

This case is not in point. Rather the case is to be determined by the rule announced in Hollis v. Mid-Continent Pet. Corp., 174 Okla. 544, 51 P. 2d 498, and Souder v. Mid-Continent Petroleum Corp. et al., 187 Okla. 698, 105 P. 2d 750, wherein this court held that where the evidence is in conflict and would be sufficient either to sustain or deny an award and there is no other matter of law involved, the question as to whether there is any disability is one of fact to be determined by the State Industrial Commission. In Hollis v. Mid-Continent Petroleum Corp., supra, we said:

"It therefore appears that from the testimony, the nature of which has been many times approved by this court, submitted to the commission by competent physcians, they choose to adopt as their finding of fact those in support of respondent. Under the above authorities, it is neither the province nor the duty of this court to interfere with the order of the commission based thereon."

The order denying the award is sustained.

HALLEY, C.J. JOHNSON, V.C.J., and O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.