Joseph D. SNOOK, Petitioner,

v.

DANIELS ESTATE, Commercial Standard Insurance Company and the State Industrial Commission, Respondents.

No. 35907.

Supreme Court of Oklahoma.

Dec. 7, 1954.

Rehearing Denied Jan. 18, 1955.

A. D. Mason, Tulsa, for petitioner.

Covington & Donovan, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

On the 14th day of September, 1951, Joseph D. Snook, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed as a carpenter by respondent, Daniels Estate he sustained an accidental injury on June 12, 1951, consisting of a heart attack. Following proceedings conducted to determine the cause and extent of the disability the State Industrial Commission entered an order denying the award, which is in part as follows:

"That claimant did not sustain an accidental personal injury, on or about June 12, 1951, as alleged, arising out of and in the course of his employment with respondent, within the meaning of the Workmen's Compensation Law of the State of Oklahoma; and therefore, his claim for compensation herein should be denied.

"That even though claimant is now permanently and partially disabled from the performance of ordinary manual labor, his disability is as a result of a cardiac disease and not as a result of an accidental personal injury; and, therefore claimant's claim for compensation should be denied for lack of jurisdiction herein."

Claimant has brought this proceeding against respondent Daniels Estate and the insurance carrier, Commercial Standard Insurance Company, to review the order denying the award.

The evidence discloses that claimant was repairing a ceiling in a building in Tulsa

and that it was necessary to carry the timber used in this work up a stepladder which required many trips a day. He had been employed at this work for four or five days. At about 10:30 A.M. June 12, 1951, he felt a severe burning in the heart region but continued work for that day. That night at home he had a heart attack and called the doctor who came at 3:30 the next morning. The doctor gave him a shot in the arm with a needle and he slept until 2:30 in the afternoon.

Following this he was treated for a heart condition and there is competent evidence in the record reasonably tending to show that as a result of the strain at the time of the hearing he had a heart condition. Likewise there is medical evidence in the record reasonably tending to support the finding of the State Industrial Commission that any heart condition is not due to the work and labor performed and described by claimant.

Claimant argues that it is the duty of this court to weigh the evidence and make a determination of whether there was an accidental injury and cites McKeever Drilling Co. v. Egbert, 170 Okl. 259, 40 P.2d 32, and cases following it. He also cites and relies upon Andrews Mining & Milling Co. v. Atkinson, 192 Okl. 322, 135 P.2d 960; Terminal Oil Mill Co. v. Younger, 188 Okl. 316, 108 P.2d 542, and several other cases. These cases are authority for the rule that if there is any competent evidence reasonably tending to support the finding that a strain or other accident caused a disability to the heart an award based thereon will be sustained. Obviously they are not in point where that issue is resolved against the claimant by the State Industrial Commission.

The rule to be applied is found in: Hollis v. Mid-Continent Petroleum Corporation, 174 Okl. 544, 51 P.2d 498; Souder v. Mid-Continent Petroleum Corporation, 187 Okl. 698, 105 P.2d 750; James v. Pennington-Winters Const. Co., 208 Okl. 299, 256 P.2d 156; Zimmerman v. Leo Sanders Const. Co., 188 Okl. 361, 109 P.2d 486; Eslick v. Champlin Refining Co., 194 Okl. 233, 148 P.2d 987.

In all of these latter cited cases we held in effect that where there is competent evidence that the disability is due to an accidental injury and also competent evidence that the disability did not result from an accidental injury the State Industrial Commission is the sole judge of the weight and sufficiency of the evidence and its determination of that question will not be reviewed by this court.

Whether the injury is the result of the claimed accident or other causes is a question of fact. Prince Chevrolet Co. v. Young, 187 Okl. 253, 102 P.2d 601; Grimshaw Const. Co. v. Bias, 184 Okl. 122, 85 P.2d 304.

There is competent evidence reasonably tending to support the order denying the award.

Order sustained.

JOHNSON, V. C. J., and WELCH, CORN and BLACKBIRD, JJ., concur.

ARNOLD, J., concurs by reason of stare decisis.

O'NEAL and WILLIAMS, JJ., dissent.