THE STATE OF MONTANA EX REL. W. M. DANIELS, PETITIONER AND RESPONDENT, *v.* THE BOARD OF RAILROAD COMMISSIONERS OF THE STATE OF MONTANA, ET AL., APPELLANTS.

No. 9561.
Submitted January 8, 1957.   Decided January 18, 1957.
Rehearing Denied February 4, 1957.
306 Pac. (2d) 264.

Mr. Forrest H. Anderson, Atty. Gen., Mr. James B. Patten, Sp. Asst. Sec'y. Counsel for Board of Railroad Com'rs., Billings, Mr. John V. Potter, Sec'y. Counsel for Board of Railroad Com'rs., Helena, for appellants.

Messrs. Skedd, Harris & Mufich and Mr. John H. Risken, Helena, for respondent.

10

Mr. Patten, Mr. Risken and Mr. William P. Mufich argued orally.

MR JUSTICE ADAIR:

This is an appeal by the Board of Railroad Commissioners of the State of Montana from a judgment entered in the district court of Lewis and Clark County, Montana, by a judge thereof sitting without a jury, wherein a writ of mandamus issued ordering such Board to remove from a certain interstate certificate of public convenience and necessity theretofore issued to the respondent, W. M. Daniels, a cancellation stamp thereto affixed by the Board under date of May 18, 1951. The judgment also awarded Daniels his costs together with $1,000 as reasonable attorney's fees.

In the year 1931, the legislature, by the enactment of chapter 184, Laws of 1931 (now R.C.M. 1947, sections 8-101 to 8-128), authorized the appellant Board to issue to motor carriers certificates of public convenience and necessity.

In the year 1933, pursuant to the provisions of chapter 184, Laws of 1931, supra, the appellant Board granted and caused to be issued to the respondent Daniels a written interstate certificate of public convenience and necessity, authorizing Daniels, a motor carrier, to connect with other interstate motor carriers and to transport property as an interstate connecting carrier between Missoula and Helena and Miles City, via Butte, and between Butte and Great Falls, all in Montana.

In the year 1935, Congress enacted the Federal Motor Carrier Act, Title 49 U.S.C.A. section 301 et seq., which divested the various states of their jurisdiction over motor carriers insofar as interstate commerce is concerned. However, this law would not apply to the interstate certificate theretofore issued by the appellant Board in the year 1933 and here involved.

R.C.M. 1947, section 8-107, enacted as section 7 of chapter 184, Laws of 1931, supra, provides:

"The board may at any time, by its order duly entered, after a hearing had upon reasonable notice to the holder of any

certificate or privilege hereunder and an opportunity to such holder to be heard, at which it shall appear that such holder violated, violates, or refuses to observe any of the board's orders, rules, or regulations, or any provisions of this act, suspend, revoke, alter, or amend any certificate or privilege issued under the provisions of this act; but the holder of any such certificate or privilege shall have all rights of rehearing and review, as to such order of the board, as is provided in this act."

Section 27 of article III, Montana Constitution, provides:

"No person shall be deprived of life, liberty, or property without due process of law."

At the hearing before the district court the respondent Daniels called as an adverse witness James B. Patten, then the secretary and counsel of the appellant Board of Railroad Commissioners, who then had supervision of the Board's records and who testified as follows:

"Q. Is there any place in those records, a direction from the board by order to show cause issued, for the petitioner to appear and show cause why a cancelled stamp should not be affixed to his certificate? A. There is none.

"Q. Is there any place in those records of the board with reference to that period from May 18, 1951, directing that a hearing of any sort be offered to the petitioner? A. There is none.

"Q. Is there anything in those records a direction from, or anything to indicate the board considered the matter in any way? A. There is none."

At the hearing in the district court the respondent Daniels also called as an adverse witness Catherine DuBois, then the secretary to the Board's counsel, Mr. Patten. She testified as follows:

"Q. Would you recall whether or not you typed up a minute entry relating to the cancellation of this interstate permit? A. No, I didn't.

"Q. You did not. A. No.

"Q. Do you also, in the course of your employment write out orders to show cause? A. Yes.

"Q. And those orders to show cause are directed to specific individuals directing them to appear before the board to show cause why something should not be done. Is that correct? A. Yes.

"Q. Did you ever issue an order to show cause directed to Mr. Daniels? A. No."

At the district court hearing the respondent, W. M. Daniels, was interrogated and he made answer as follows:

"Q. Have you ever received official notification from the Board that action was contemplated to cancel that certificate? A. Never.

"Q. Did you ever receive official notification that action had been taken? A. No, sir. * * *

"Q. From your knowledge and experience, could you place a value on this certificate in dispute? A. I think it is worth more than $50,000.00, maybe $100,000.00."

Daniels' petition for a writ of mandate was filed in the district court on February 14, 1955, and in the appellant Board's answer thereto it alleged that the respondent Daniels was notified on November 1, 1951, that the Board had cancelled his certificate here involved and that Daniels is now barred from seeking relief by reason of the provisions of R.C.M. 1947, sections 93-2605 and 93-2607. These sections of the Code do not apply to an action of this character which is governed by R.C.M. 1947, section 93-2613, as this court held in State ex rel. Phillips v. Ford, 116 Mont. 190, 151 Pac. (2d) 171. See also Buell v. County Court, 175 Or. 402, 152 Pac. (2d) 578, 154 Pac (2d) 188, 155 A.L.R. 1135, and note at page 1144.

It is clear from the record that the cancellation of Daniels' certificate without giving him notice or an opportunity to appear or to show cause why it should not be cancelled, deprived the respondent of his right granted him by the Board in 1933 to operate as a motor carrier in interstate commerce in Montana. Thereby was he denied due process.

The procedure so adopted by the appellant Board was and is in violation of the provisions of section 27, article III of the Montana Constitution and also in violation of the provisions of R.C.M. 1947, section 8-107.

The respondent, W. M. Daniels, was deprived of a property right without due process of law. Chauvin v. Valiton, 8 Mont. 451, 20 Pac. 658, 3 L.R.A. 194; Bettey v. City of Sidney, 79 Mont. 314, 319, 257 Pac. 1007, 56 A.L.R. 872; Mitchell v. Banking Corp. of Montana, 94 Mont. 183, 22 Pac. (2d) 155; Vennekolt v. Lutey, 96 Mont. 72, 77, 28 Pac. (2d) 452.

The judgment of the district court granting the writ of mandate against the appellant Board and awarding the respondent, W. M. Daniels, the other relief sought is correct and it is hereby affirmed.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES BOTTOMLY, CASTLES, and ANGSTMAN, concur.