STEPHENS PRODUCE COMPANY and
Employers Casualty Company, a
Corporation, Petitioners,

v.

Eddie STEPHENS and the State Industrial
Commission, Respondents.

No. 38088.

Supreme Court of Oklahoma.

Nov. 25, 1958.

Covington, Donovan & Gibbon, Tulsa, for petitioners.

Hickman & Hickman, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Justice.

Eddie Stephens, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on March 28, 1954, while employed by the Stephens Produce Company, employer, he sustained an accidental injury arising out of and in the course of his employment resulting in hernia. An award was entered, and on a proceeding to review commenced in the Supreme Court thereafter, on stipulation of the parties, this proceeding was dismissed on the 13th day of December, 1955, and a further hearing thereafter conducted before the State Industrial Commission by stipulation following which an award was entered August 15, 1957. On appeal to the Commission en banc the award was sustained, and this proceeding is brought by the employer and its insurance carrier to review the award.

The record discloses that claimant was one of three members of a partnership consisting of himself, his brother and his father operating as Stephens Produce Company at Tulsa, Oklahoma.

Claimant testified that on or about the 15th day of March, 1954, he was moving sacks of potatoes, each sack weighing approximately one hundred pounds. He placed the sacks on a two-wheel truck. The day before he had moved a large number of sacks; that he picked up each sack and placed it on the truck and in this manner stacked them from one stack to another; that he was pushing the truck across, toward the stack, on the 15th day of March, 1954, when it hurt him in the groin, and after he had moved five sacks he was not able to push the truck again. On the 27th day of March he went to the doctor. He had been in pain for several days, but he put off going to the doctor because he thought the pain was caused by cancer. The doctor told him to return, and the following month he was again examined by the doctor who stated claimant had sustained a hernia.

It is first argued there is no competent evidence reasonably tending to support the finding that the claimant sustained an accidental injury arising out of and in the course of his employment.

Dr. B testified for claimant. He stated that he examined claimant on March 27, 1954, and found he had sustained a strain in the region of the groin, and a short time thereafter he examined him and found he had sustained a right inguinal hernia. In his testimony he stated:

"But you do state it is your opinion, from the history he gave you, the hernia did develop from the strain of lifting the 100 pound sacks of potatoes?

"Following up our examination showing the hernia developed, and in relation to my findings, I would say yes."

Under the holdings of this court in City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094; 1800 Restaurant, Inc., v. Gossett, Okl., 287 P.2d 897, and Calhoun Const. Co. v. Sexton, Okl., 288 P.2d 705, there is competent evidence reasonably tending to support the finding that the hernia is the result of an accidental injury arising out of and in the course of the employment.

Petitioners cite Snook v. Daniels' Estate, Okl., 278 P.2d 819, and Campbell Bakeries

v. Baumeister, 160 Okl. 94, 15 P.2d 989. In Snook v. Daniels' Estate, supra [278 P.2d 820], it is stated:

"In all of these latter cited cases we held in effect that where there is competent evidence that the disability is due to an accidental injury and also competent evidence that the disability did not result from an accidental injury the State Industrial Commission is the sole judge of the weight and sufficiency of the evidence and its determination of that question will not be reviewed by this court."

In Calhoun Const. Co. v. Sexton, supra [288 P.2d 706], it is stated:

" * * * If there is evidence of a strain and medical evidence that the strain caused the disability this is sufficient to support a finding that there has been an accidental injury even though the disability discloses its presence at a time not related to a specific physical effort. * * *"

■ It is next argued that claimant was a member of the partnership and therefore is not entitled to an award as an employee. Claimant argues this issue was not raised before the State Industrial Commission, and the record substantially supports this claim. However, assuming, without deciding, petitioners having a right to raise the issue, the assertion that claimant was not an employee is without substantial merit.

We have held an employee engaged in hazardous employment is entitled to an award even though he is a partner. Rodgers v. Blair, 201 Okl. 249, 204 P.2d 867; Ardmore Paint & Oil Products Co. v. State Industrial Commission, 109 Okl. 81, 234 P. 582; Ohio Drilling Co. v. State Industrial Commission, 86 Okl. 139, 207 P. 314, 25 A.L.R. 367; and Knox & Shouse v. Knox, 120 Okl. 45, 250 P. 783.

Petitioners do not deny the effect of these decisions but argue that a resolution (O.S.L. 1953, p. 523, 85 O.S.Supp. § 2a) changed the law and the decisions thereon. This resolution is as follows:

"A Joint Resolution declaring that it is the intent of the Legislature that members of a partnership shall not be construed as being employees within the scope of the Workmen's Compensation Law.

"Whereas, it has become evident that by judicial decisions, members of partnerships have been treated as employees under the Workmen's Compensation Law; and

"Whereas, the necessity of coming under the Workmen's Compensation Law has worked a hardship on small partnerships and has discouraged the creation of new business through the medium of partnerships. It is contrary to custom, practice and procedure of other states, wherein the same not being so, acts to the general detriment and unfair discrimination of Oklahoma partnerships, except partners engaged in hazardous employment. This the same is contrary to the wishes and desires of the majority of Oklahoma partnerships, placing upon them an undue and unusual burden. The practice of allowing vice-principals to sue themselves is a negation of the common law; and

"Whereas, members of a partnership in adjacent states are not required to pay premium on members of the partnership and while members of Oklahoma partnerships are so required, it places them at a competitive disadvantage in the fields of commerce and industry; and

"Whereas, said danger is imminent and important;

"Now, Therefore, Be It Resolved By The House Of Representatives Of The Twenty-Fourth Oklahoma Legislature, The Senate Concurring Therein:

"That it is the intent of the Legislature that the Workmen's Compensation Law does not apply to members of a partnership."

Claimant asserts that the resolution shows on its face that it does not cover employees

engaged in hazardous employment, and petitioners answer there is no evidence in the record to show claimant was engaged in hazardous employment. We think it unnecessary to determine the meaning of this resolution in this respect.

Until a law has been duly enacted amending 85 O.S.1951 § 1 et seq., defining an employee, the definition of an employee as declared therein and construed by this court is controlling. In this connection, however, we are not unmindful of our holding in Ward v. State, 176 Okl. 368, 56 P.2d 136, and other cases of similar import (Wright v. State, 192 Okl. 493, 137 P.2d 796; In re Block 1, Donly Heights Addition, Oklahoma City, 194 Okl. 221, 149 P.2d 265; Board of Com'rs of Marshall County v. Shaw, 199 Okl. 66, 182 P.2d 507) wherein we held that a resolution signed by the presiding officers of each branch of the legislature and approved by the Governor may operate to alter or modify an existing law, where such alteration or modification is of a temporary character. Under the circumstances of this case we cannot apply that rule. The resolution, assuming that it is properly passed in accord with Sections 34 and 35 of art. 5 of the Oklahoma Constitution, attempts, not to pass a new law or modify an old law, but to place a legislative construction upon an existing law different to that placed upon the existing law by the Supreme Court of this state. See Rodgers v. Blair, supra, and other cases therein cited. A resolution which merely purports to place a legislative construction upon a legislative act such as 85 O.S.1951 § 1 et seq., long in effect prior to the passage of the resolution, is ineffective to amend the law or to change the Supreme Court's prior construction of said legislative act, as construction of existing laws is a judicial and not a legislative function. 50 Am.Jur., Statutes, sec. 337, pg. 330. The legislature has no power to direct the judiciary in the interpretation of existing statutes. The legislative intent that controls in the construction of a statute has reference to the legislature which enacted the act, Id.

Petitioners argue that claimant was not an employee because he was not paid wages. The method of payment for an employee's services is not conclusive on the question of relationship of employer and employee. See, in this connection, State Highway Commission v. Brewer, 196 Okl. 437, 165 P.2d 612; and Getman-MacDonnel-Summers Drug Co. v. Acosta, 162 Okl. 77, 19 P.2d 149.

An examination of the record discloses without substantial dispute that claimant was an employee. The finding of the State Industrial Commission that claimant sustained an accidental injury arising out of and in the course of his employment resulting in hernia is supported by the evidence.

Award sustained.