STATE OF MONTANA, EX REL. BRYAN KENNETH LOVELY, RELATOR AND APPELLANT, v. HON. ROBERT F. SWANBERG, ALBERT H. KRUSE AND OLIVER SULLIVAN, AS MEMBERS OF THE INDUSTRIAL ACCIDENT BOARD, RESPONDENTS.

No. 9985.

Submitted Jan. 13, 1959. Decided Feb. 27, 1959.

335 Pac. (2d) 853.

George Niewoehner, White Sulphur Springs, for relator and appellant.

LaVerne V. Harris, Helena, for respondents.

MR. JUSTICE ANGSTMAN:

This is a proceeding commenced in the district court for mandamus to compel defendants to hold a hearing upon a claim for workmen's compensation filed by relator. The district court denied relief to relator and dismissed his petition.

This appeal is from the judgment of dismissal.

The admitted facts, appearing of record, are that relator was injured by accident in the course of his employment; that his claim for compensation in proper form was timely filed; and that the Board, without holding any hearing, made its findings of fact and order denying the claim on the ground that claimant was a partner of the L and H Timber Company composed of Bryan Kenneth Lovely and Roy Hogenson, and not an employee within the meaning of section 92-411, R.C.M. 1947.

The record discloses that claimant admits he is a partner in the firm. Relator's claim was submitted through attorney Robert Pantzer, but claimant testified that he was not employed as his attorney. Mr. Pantzer was furnished with a copy of the order denying the claim on June 25, 1957. Relator had actual notice that his claim had been denied in the latter part of July or the first part of August 1957. He did not apply for a rehearing under section 92-831, nor did he appeal to the district court under section 92-833.

Relator takes the view that he was entitled to a hearing as a

12

matter of right before his claim may be denied. His contention in this respect must be sustained. Section 92-821 provides that all proceedings under the Workmen's Compensation Act shall be instituted before the board "and heard and determined by them." Section 92-823, as amended in 1953, provides for the initial hearing within 90 days from the date of filing the claim and after a final hearing the Board shall within 30 days make and file its findings and award. Due process requires a hearing. State ex rel. Daniels v. Board of Ry. Com'rs, 131 Mont. 9, 306 Pac. (2d) 264, and Chauvin v. Valiton, 8 Mont. 451, 20 Pac. 658, 3 L.R.A. 194. Provision is made by statute for rehearing and for an appeal to the district court, but a claimant need not apply for a rehearing when he has not had a hearing. An application for rehearing under section 92-831 presupposes that there has been a previous hearing. Likewise he need not take an appeal when his claim has been summarily denied without a hearing because he has not had an opportunity to make a record on which to appeal. Nor can it be said that the absence of an adequate record becomes immaterial under the statute, section 92-834, which allows the court on such appeal "for good cause shown" to permit additional evidence. The appeal might be wholly inadequate if the court rules that the cause shown be not sufficient. A party ought not to be compelled to pursue a supposed remedy when the adequacy of the remedy does not exist as a matter of right, but only in the discretion of the court, or as stated by the United States Supreme Court in Mountain States Power Co. v. Public Service Comm., 299 U. S. 167, 57 S. Ct. 168, 169, 81 L. Ed. 99: "In the circumstances it is impossible to know what position the courts of the State would take. A 'plain, speedy, and efficient remedy' cannot be predicated upon the problematical outcome of future consideration."

But defendants contend that the holding of a hearing would be an idle act because it is undisputed that claimant was a partner and defendants contend that as a partner, claimant is not entitled to compensation. This is the general rule. 3 Schneider,

Workmen's Compensation Text, sec. 812, p. 153; 99 C.J.S. Workmen's Compensation, sec. 79, p. 300.

However, there is respectable authority to the contrary. See Trappey v. Lumbermen's Mutual Casualty Co., 229 La. 632, 86 So. (2d) 515; Ohio Drilling Co. v. State Ind. Comm., 86 Okl. 139, 207 Pac. 314, 25 A.L.R. 367; Stephens Produce Co. v. Stephens, Okl. 1958, 332 Pac. (2d) 674, 675; Carle v. Carle Tool & Engineering Co., 36 N. J. Super 36, 114 A. (2d) 738; Felice v. Felice, 34 N. J. Super 388, 112 A. (2d) 581. Absent any controlling decision by this court on the point, claimant has the right to make a record for presentation to the courts where the point may be decided.

We do not rule on the point, but hold that claimant is entitled to a hearing in order to make a record on which the question may be considered as to whether a partner is ever entitled to workmen's compensation under our statute.

The order appealed from is reversed.

MR. JUSTICES ADAIR, BOTTOMLY and CASTLES, and THE HONORABLE W. R. FLACHSENHAR, District Judge, concur.