**FRIENDLY CHEVROLET COMPANY, OWN RISK, Petitioner,**

v.

**Dallas H. POINTER and the State Industrial Court, Respondents.**

**No. 43813.**

Supreme Court of Oklahoma.

June 30, 1970.

Rhodes, Hieronymus, Holloway & Wilson, Philip N. Landa, Tulsa, for petitioner.

Marx Childers, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

BLACKBIRD, Justice.

There is involved here for review an order of the State Industrial Court allowing the respondent, Dallas H. Pointer, claimant below, additional compensation for permanent disability based on change of condition. Parties will be referred to as they appeared before the State Industrial Court.

Claimant was employed by respondent as an automobile body worker and painter from December 22, 1962, until October 21, 1964. During the period of his employment, he was exposed to the breathing of toxic fumes resulting in his sustaining the occupational diseases of chronic bronchitis and pulmonary emphysema. A member of the State Industrial Court sitting as trial judge on January 14, 1966, awarded the claimant total and permanent disability. The State Industrial Court, sitting en banc, reduced the award to sixty per cent to the body as a whole. We affirmed the award of the State Industrial Court sitting en banc. Friendly Chevrolet Company v.

Pointer, Okl., 435 P.2d 579. Respondent fully complied with the award. On April 4, 1969, claimant filed a motion to reopen on change of condition for the worse. On September 25, 1969, the State Industrial Court entered an order holding that claimant had sustained a change of condition for the worse and is now totally and permanently disabled. The pertinent portions of the order are as follows:

"That since the issuance of said order of the Court En Banc on April 14, 1966, claimant has sustained a change of condition for the worse; and that such change of condition for the worse is a direct and proximate result of his condition growing out of the aggravation of pre-existing pulmonary emphysema by reason of exposure to fumes and vapor and fumes from automobiles, arising out of and in the course of his hazardous employment with the respondent herein, as found by order of January 14, 1966 and adopted, with modification, by the Court En Banc, and upheld by the Supreme Court of the State of Oklahoma.

"That by reason of such change of condition for the worse, as found above, claimant is now permanently and totally disabled for the performance of ordinary manual labor and is entitled to compensation for 500 weeks, less 300 weeks previously awarded, or 200 weeks at $37.50 per week, or the total amount of $7500.-00."

The sole contention presented in petitioner's brief is:

"There is not a scintilla of evidence in the record to support the finding of the Industrial Court that claimant's change of condition was the result of his original compensable injury."

Epitomized the evidence shown in the record is as hereinafter shown. Claimant testified: He is quite a bit worse since the first trial of this case. His breath is shorter, he has to take better care of himself and he is very easily exhausted. He sleeps sitting up and smothers if he tries to lie down. He carries an oxygen inhaler with him. He has not done any painting since leaving the employ of respondent. He has reduced his smoking to about seven or eight cigarettes in twenty-four hours.

Dr. P, called as a witness for the claimant, testified: He examined the claimant on August 30, 1965. He found the claimant to be suffering from chronic bronchitis and pulmonary emphysema causing him "at this time" to be "totally and permanently disabled for the type of work he was doing, or any type of work that would require much exertion." This Doctor's report of August 30, 1965 was submitted in evidence at the first hearing of this cause.

The same Doctor examined claimant again on March 15, 1969, and found that the severity of his condition had progressed to the extent that he had almost reached chronic invalid state, and was able to do almost no exertion without shortness of breath and a cough. He further stated that chronic bronchitis and pulmonary emphysema is generally considered a progressive disease and persons afflicted with said disease "are more or less expected to slowly get worse." He also said that irritants, such as smoking, would cause an aggravation of such condition. According to this Doctor, claimant, on March 15, 1969, "was considerably worse and to the point that he not only was disabled from ordinary manual labor but he had reached a stage where he was in quite a bit of trouble whether he worked or not. Even at rest he was having trouble."

Dr. Lo, called as a witness by respondent, testified: He examined the claimant on August 17, 1965, and the reports of his examination were submitted in evidence at the first hearing. He found the claimant to be suffering from chronic bronchitis and pulmonary emphysema caused by smoking cigarettes over a long period of time. He did not believe that claimant had any permanent disabling disease due to his occupational environment.

Dr. Lo examined the claimant again on June 12, 1969. He found that claimant's condition "was definitely worse", which

he believed to be caused by continued cigarette smoking. On cross-examination he testified: "I think his condition has worsened because of two things, really. The original cause and time." He found the vital capacity of claimant's lungs to have decreased eleven per cent since 1965. Claimant could not do any type of manual labor. If claimant had refrained from smoking his condition of emphysema might still have progressed for the worse. In answer to questions by the court, Dr. Lo testified that if claimant had refrained from smoking, he thought claimant's condition of "chronic bronchitis would definitely have been better. The emphysema might have been slightly worse."

Dr. La, called as a witness by respondent, testified: He has assumed the medical practice of Dr. D who testified at the first hearing. He examined the claimant on June 12, 1969, and studied the reports of Doctors D, S, and J, submitted in evidence at the first hearing. He testified that at the present time claimant "is much more in respiratory distress in that he is unable to finish a sentence without taking another breath" and claimant's condition "has worsened" since the first hearing. His diagnosis is that the claimant is suffering from "chronic bronchitis and emphysema."

He expressed the opinion that claimant will never be able "to do another day's ordinary manual labor" and "his prognosis for living very long is not very bright." He also said the condition of the claimant is one that can grow "progressively worse"; there is no cure for emphysema although there are some cases where the disease has been arrested; and claimant "is unable to adequately ventilate himself." He expressed the belief that claimant's continued smoking has worsened his condition. On cross-examination, Dr. La testified that the disability of claimant is a "progressive type of thing", and that possibly his condi-

tion would have worsened if he had never smoked, although not as rapidly.

Dr. La further testified that claimant's condition has no relationship to the work he was doing for respondent and believes the court was wrong in holding respondent liable for his condition.

The medical doctors all agree that there has been a worsening of claimant's condition since the first order entered in this case on January 14, 1966. All agree that the disease of which the claimant is afflicted is progressive in nature and is the type that may be expected to grow worse in the future. Respondent's Dr. La testified the disease is incurable and will quite likely result in death. Both of respondent's doctors testified that the worsening of claimant's condition was caused by his continued smoking of cigarettes. They both admit that the worsening of claimant's condition could have occurred from natural deterioration, even if claimant had refrained from smoking cigarettes.

■ The medical evidence is definitely conflicting, but is sufficient to support the State Industrial Court's finding that claimant has sustained a change for the worse in his condition since the prior order entered in the case on January 14, 1966.

■ In Spartan Aircraft Company v. Stockton, Okl., 370 P.2d 13, we held:

"The finding of the State Industrial Court as to the extent of the disability due to a change in condition of an injured employee is a question of fact and when supported by competent evidence will not be disturbed on review."

To the same effect are Wade Lahar Construction Company v. Howell, Okl., 376 P.2d 221; Phillips Petroleum Co. v. Anguish, 201 Okl. 691, 209 P.2d 689; Farris-Cantrell v. State Industrial Commission, 183 Okl. 456, 82 P.2d 984.

Award sustained.

All the Justices concur.